947 So.2d 354 (2007)
Brian HEAFNER, Appellant
v.
STATE of Mississippi, Appellee.
No. 2005-CA-01792-COA.
Court of Appeals of Mississippi.
January 23, 2007.
Tommy Wayne Defer, Water Valley, Bobby T. Vance, Batesville, attorneys for appellant.
Office of the Attorney General by John R. Henry, attorney for appellee.
EN BANC.
GRIFFIS, J., for the Court.
¶ 1. Brian Heafner pled guilty to the crimes of conspiracy to sell a controlled substance and sale of a controlled substance. On October 20, 2004, Heafner filed a motion to determine parole eligibility. The trial court acknowledged procedural errors in the petition and treated it as a motion for post-conviction relief. The trial court then addressed the merits and denied the motion. On appeal, Heafner argues that the trial court erred by failing to determine his parole eligibility or to clarify his sentence. We find no error and affirm.

*356 STANDARD OF REVIEW
¶ 2. In reviewing a trial court's decision to deny a motion for post-conviction relief, the standard of review is clear. The trial court's denial will not be reversed absent a finding that the trial court's decision was clearly erroneous. Smith v. State, 806 So.2d 1148, 1150(¶ 3) (Miss.Ct. App.2002). However, when reviewing issues of law, this Court's proper standard of review is de novo. Brown v. State, 731 So.2d 595, 598(¶ 6) (Miss.1999).

ANALYSIS
I. Jurisdiction
¶ 3. Our initial consideration is whether we have jurisdiction to hear this appeal. Our concern is the fact that Heafner's notice of appeal was not timely filed. Mississippi Rule of Appellate Procedure 2(a)(1) states that "[a]n appeal shall be dismissed if the notice of appeal was not timely filed pursuant to Rule 4 or 5." Since this is an appeal from a dismissal, M.R.A.P. 4(a) is controlling. In relevant part, it reads:
(a) Appeal and Cross-Appeals in Civil and Criminal Cases. In a civil or criminal case in which an appeal or cross-appeal is permitted by law as of right from a trial court to the Supreme Court, the notice of appeal required by Rule 3 shall be filed with the clerk of the trial court within 30 days after the date of entry of the judgment or order appealed from. . . .
(emphasis added).
¶ 4. This appeal was filed forty-four days after the entry of the order. The notice of appeal was filed three days after Hurricane Katrina profoundly affected this State. As a result of the hurricane, the supreme court issued an order extending the deadlines for some filings. However, the order extending deadlines does not affect the untimely filing of this appeal, since the deadline for filing this notice of appeal was August 22, 2005, seven days prior to the hurricane making landfall. We fail to find a valid excuse, in the record, for Heafner's failure to file this notice of appeal in a timely manner.
¶ 5. This is not a pro se appeal. The notice of appeal identified two lawyers who represent Heafner, and the notice was signed by one of the lawyers. The date signed, as typed in the notice, was August 19, 2005, which was before the thirty day period had passed. The notice of appeal was stamped "filed" and dated by the clerk on September 1, 2005. M.R.A.P. 4(a) specifically requires that the notice of appeal be "filed with the clerk of the trial court within 30 days after the date of entry of the judgment or order appealed from." (emphasis added). The controlling date for the rule is the date the notice of appeal is filed; therefore, the date the notice was signed is of little consequence.
¶ 6. We have held that failure to file a notice of appeal within the thirty day time period constitutes the appeal as untimely and it should be dismissed. Mosby v. State, 830 So.2d 661, 663(¶ 6) (Miss.Ct.App. 2002). While the late filing does seem to preclude this Court from addressing the merits of this case, the supreme court has held in some circumstances involving post-conviction relief that the rules in regard to the filing of the notice of appeal may be suspended. Benbow v. State, 614 So.2d 398, 400 (Miss.1993). The supreme court reads M.R.A.P. 2(c) and (4)(g) along with Mississippi Code Annotated Section 99-39-25(1) (Supp.1991) to provide that "this [c]ourt with authority to suspend the rule in post-conviction relief appeals, as in any other criminal appeal, and to allow an appeal to proceed despite apparently untimely notice." Benbow, 614 So.2d at 400. In short, as the comment to M.R.A.P. 4 *357 states, the purpose of a suspension of the rules is to "prevent manifest injustice." Thus, we examine whether Heafner's appeal in this light.
II. Whether the sentences are ambiguous
¶ 7. Heafner claims that the trial court was in error when it determined that his sentence was not ambiguous. Heafner was convicted of four different crimes contained in two separate indictments.
¶ 8. Heafner was convicted of conspiracy with Leslie Salmon to sell methamphetamine, for which he was sentenced to serve five years. In the same indictment, Heafner was convicted of the sale of methamphetamine, for which he was sentenced to serve eight years followed by twenty years of post-release supervision. The order also explained that five years of the post-release supervision is to be reporting post-release supervision, and the remaining fifteen years are to be non-reporting.
¶ 9. Heafner was also convicted of conspiracy with David Nelson to sell methamphetamine, for which he was sentenced to serve five years. In the same indictment, Heafner was convicted of the sale of methamphetamine, for which he was sentenced to serve eight years followed by twenty years of post-release supervision. The order also explained that five years of the post-release supervision is to be reporting post-release supervision, and the remaining fifteen years are to be non-reporting.
¶ 10. The sentences from the two indictments mirror each other. The trial court ordered all of the sentences to run concurrently. This is permitted under Mississippi Code Annotated Section 99-19-21(1) (Rev.2000), which provides that "[w]hen a person is sentenced to imprisonment on two (2) or more convictions, the imprisonment on the second, or each subsequent conviction shall, in the discretion of the court, commence either at the termination of the imprisonment for the preceding conviction or run concurrently with the preceding conviction." Also, the trial court aptly pointed out, citing Black's Law Dictionary 291 (6th ed.1990), that with concurrent sentences, each prison term runs "simultaneously and the prisoner is entitled to discharge at the expiration of the longest term." It is clear that Heafner will be discharged only upon the expiration of the longest term. Here, the longest term is either of the eight year prison terms. We find nothing about the sentences to be ambiguous or indefinite in the sentences Heafner received. Therefore, we find that this issue is without merit.
III. Parole Eligibility
¶ 11. Heafner alleges that the trial court erred in failing to determine his parole eligibility. The trial court properly held that parole eligibility is normally an executive decision and not one for the judiciary to determine. Generally, a circuit court does not have the authority to determine parole eligibility. Brown v. State, 731 So.2d 595, 598(¶ 7) (Miss.1999).
¶ 12. Administrative remedies are available to Heafner, by way of the Mississippi Department of Corrections Administrative Remedies Program.[1] It allows an inmate to file a "Request for Administrative Remedy for situations arising from policies, conditions, or events within the Department of Corrections that affect them personally." Miss. Dep't Corr. Admin. Remedy Program Procedures 1. The procedures list several available claims and while "[p]arole eligibility is not listed, we do not suggest that it would be improper *358 for an inmate to pursue a change to his parole eligibility date by using the internal grievance procedure." Lattimore v. Sparkman, 858 So.2d 936, 938(¶ 7) (Miss.Ct.App.2003). Nevertheless, this Court has held "that an inmate may contest matters such as this [parole eligibility] as an original action in circuit court." Id. Therefore, we examine whether Heafner's allegations are meritorious.
¶ 13. Heafner repeatedly argues that he should be eligible for parole under Miss.Code Ann. Section 47-7-3(g) (Supp. 2001). This section bars parole eligibility for anyone convicted after June 30, 1995, but allows first time offenders convicted after January 1, 2000, of a non-violent crime to be eligible for parole. Id. What Heafner fails to note is that in the same subsection of the statute, the legislature excepted a list of crimes from the definition of non-violent crimes. Id. Included in this list is "the sale or manufacture of a controlled substance under the Uniform Controlled Substances Law." Id. Therefore, Heafner would not be eligible for parole on either of his eight year sentences, since each was for the sale of methamphetamine in violation of Mississippi Code Annotated Section 41-29-139 (Supp. 1999). We find that this allegation is without merit.
¶ 14. THE JUDGMENT OF THE CIRCUIT COURT OF TALLAHATCHIE COUNTY DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, CHANDLER, BARNES, ISHEE AND ROBERTS, JJ., CONCUR. CARLTON, J., NOT PARTICIPATING.
NOTES
[1] Information about how to commence the formal procedure of the Administrative Remedies Program can be found in Chapter VIII of the Mississippi Department of Corrections Inmate Handbook.