GRIFFIS, P.J.,
for the Court:
¶ 1. James Felton Bell appeals the Grenada County Circuit Court’s denial of his *299 motion for post-conviction relief. Bell claims: (1) he was entitled to an evidentia-ry hearing to prove that his attorney advised him that, if he forfeited $40,000 and pleaded guilty to the sale of cocaine, he would not be sentenced to the maximum number of years for the crime; (2) his sentence is disproportionate to the crime; and (3) the circuit judge erred in finding that his motion was frivolous. We find no error and affirm.
FACTS
¶ 2. Bell was indicted for the sale of cocaine within 1,500 feet of a church under Mississippi Code Annotated section 41-29-142(1) (Rev.2009). He accepted a plea agreement negotiated by his attorney and the State. Under the agreement, Bell would plead guilty to the sale of cocaine, and the State would drop the enhancement provision and recommend a sentence of thirty years. Further, Bell agreed to forfeit $40,000 to the Office of the District Attorney, Fifth Circuit Court District, which the agreement cites as proceeds of narcotic and drug activity. The forfeiture order signed by the trial judge provided that the $40,000 would be distributed to various law enforcement agencies in Grenada County.
¶ 3. On January 19, 2010, Bell filed a petition to enter a guilty plea to the sale of cocaine charge,[1] and the following day a hearing was held on the petition in which Bell was represented by retained counsel. During the hearing, his attorney and the State’s attorney told the circuit court that Bell was pleading guilty without the enhancement charge. The circuit judge questioned Bell about his decision to plead guilty. The judge outlined all of the rights Bell would waive by pleading guilty. Bell acknowledged those rights, but he told the circuit court that he desired to plead guilty because he was in fact guilty. Succinctly, Bell wrote on his petition, “I sold drugs, I possessed drugs.” The plea agreement provided that the district attorney would recommend that Bell receive a sentence of thirty years for the sale of cocaine.
¶ 4. The State then outlined the factual basis for the crime. Bell was thirty-two years old and was a first-time offender. The assistant district attorney said that on December 8, 2008, in Grenada County, Bell sold cocaine in violation of law. The crime was detected through the use of a confidential informant. The informant ordered cocaine from Bell over the telephone. Bell delivered $400 worth of cocaine to the informant at the informant’s home. The entire transaction was caught on video surveillance and surveillance by the officers. The State Crime Laboratory determined the substance that Bell sold was cocaine. After the State’s presentation of the evidence against him, Bell said that he agreed with the facts as presented.
¶ 5. The circuit court accepted the plea agreement. Bell was sentenced to thirty years in the custody of the Mississippi Department of Corrections.
¶ 6. On October 1, 2010, Bell filed a motion for post-conviction relief (PCR) seeking an evidentiary hearing. He claimed that his attorney led him to believe that upon the payment of the $40,000 forfeiture and the entry of a guilty plea, he would not be sentenced to the maximum sentence of thirty years for the sale of cocaine. Bell’s petition stated that his attorney told him the State would drop the enhancement and that he would get a favorable sentence. Secondly, he claimed *300 that the thirty-year sentence was disproportionate to sentences given in this state upon the entry of a plea of guilty to the sale of cocaine. He stated that the forfeiture money was not confiscated during his arrest, but instead it was money he got from a family member. Bell stated it was given to the district attorney after he was informed by his attorney of the deal he would get if he paid the $40,000.
¶ 7, On April 8, 2011, the circuit court issued an opinion finding that Bell’s motion was not well taken and should be denied. To Bell’s first claim regarding a more favorable sentence, the circuit court quoted from the plea colloquy:
COURT: Now, I understand that your attorney and the district attorney’s office have discussed a possible plea recommendation. It’s the Court’s understanding that the crime of sale of cocaine in Cause Number 2009-009, you would expect the State to recommend that you be sentenced to serve 80 years [in the] custody [of the] Mississippi Department of Corrections. Is that your understanding of the recommendation?
DEFENDANT: Yes, sir.
COURT: And do you understand the crime of sale of cocaine could carry anywhere from suspended jail time to up to 30 years in prison and anywhere from a $5,000 to $1,000,000 fine?
DEFENDANT: Yes, sir.
COURT: And if it was found that you were within 1,500 feet [of a church] when this occurred, it could be double that. So it would be 60 years and up to $2,000,000 in fines. Do you understand that?
DEFENDANT: Yes, sir.
¶ 8. The opinion then quoted the following colloquy among the circuit court, the assistant district attorney Clyde Hill, and Bell:
MR. HILL: Your Honor, as to the sale of cocaine in Cause Number 2009-009, the State would recommend that the defendant be sentenced to serve a term of 80 years in the custody of the Mississippi Department of Corrections.
[[Image here]]
And as the Court is aware, the defendant has forfeited $40,000, which we have a signed agreement, $40,000 forfeiture [of] drug proceeds.
COURT: Mr. Bell, is that the recommendation you were expecting the State to make to the Court?
DEFENDANT: Yes, sir.
COURT: The court will accept the recommendation.
¶ 9. Next, the circuit court pointed out that Bell’s petition to enter a guilty plea, which was signed and sworn to by Bell, sets out Bell’s understanding that as a result of the plea bargain, he would receive a thirty-year sentence for the sale of cocaine. The petition further stated: “I understand that this agreement is not binding on the Court, and that if my guilty plea is accepted by the Court, the Court may impose the same sentence as if I had plead ‘Not Guilty’ and had been found guilty by a jury.”
¶ 10. The circuit court cited Smith v. State, 636 So.2d 1220, 1224 (Miss.1994) for the proposition that when the transcript from a court proceeding and a motion for post-conviction relief contradict one another, “the latter is practically rendered a ‘sham,’ thus allowing the summary dismissal of the petition to stand.” The circuit court also cited Ford v. State, 708 So.2d 73, 76-77 (¶ 17) (Miss.1998) for the proposition that a PCR motion cannot be supported when the record clearly belies every allegation the petitioner makes in his PCR motion.
¶ 11. The circuit court found that the transcript of Bell’s guilty plea hearing and *301 his petition to enter a plea of guilty totally contradicted the allegations in his PCR motion. The circuit court found that Bell was fully aware of his recommended sentence.
¶ 12. As to Bell’s claim that his sentence should be set aside because it is disproportionate to the sentences that have been imposed on others who committed the same crime, the circuit court cited Wallace v. State, 607 So.2d 1184 (Miss.1992). In Wallace, the supreme court held that, as a general rule, a sentence will not be disturbed on appeal so long as it does not exceed the maximum term allowed by statute. Id. at 1188. The Wallace court also said however, where a sentence is grossly disproportionate to the crime committed, the sentence is subject to attack for a violation of the Eight Amendment’s prohibition of cruel and unusual punishment. Id.
¶ 13. The circuit court quoted Solem v. Helm, 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983), stating that when evaluating the proportionality of a sentence under the Eight Amendment, courts are to use a three-prong test. The factors to consider are: (1) the gravity of the offense and the harshness of the penalty; (2) comparison of the sentence with sentences imposed on other criminals in the same jurisdiction; and (3) comparison of sentences imposed in other jurisdictions for commission of the same crime with the sentence imposed in Bell’s case. Id. at 290-92, 103 S.Ct. 3001. The circuit court said that the Solem three-pronged analysis is only to be used “when a threshold comparison of the crime committed to the sentence imposed leads to an inference of gross dispropor-tionality.” Hoops v. State, 681 So.2d 521, 538 (1996). In support of this conclusion, the circuit court said that Bell could have been sentenced to serve a maximum of sixty years because the indictment had the enhancement charge of the sale occurring within 1,500 feet of a church, which would allow the court to sentence him up to twice the time authorized by the indicted offense. Also, with the sentencing enhancement, Bell could have been fined up to a maximum of two million dollars. The circuit court said that Bell was sentenced to just half of the possible jail time he could have been required to serve and not the maximum sentence allowed by law. Applying Hoops, the circuit court ruled that a Solem analysis was not warranted because the threshold comparison of the crime committed to the sentence imposed did not lead to an inference of gross disproportion-ality.
¶ 14. The circuit court denied Bell’s PCR motion. The circuit court further ruled that Bell’s petition was frivolous and ordered that sixty days of his earned time should be forfeited under Mississippi Code Annotated section 47-5-138 (Rev.2011). Bell now appeals.
STANDARD OF REVIEW
¶ 15. “In reviewing a trial court’s decision to deny a motion for post-conviction relief, the standard of review is clear. The trial court’s denial will not be reversed absent a finding that the trial court’s decision was clearly erroneous.” Smith v. State, 806 So.2d 1148, 1150 (¶ 3) (Miss.Ct.App.2002). However, when reviewing issues of law, this Court’s proper standard of review is de novo. Brown v. State, 731 So.2d 595, 598 (¶ 6) (Miss.1999).
ANALYSIS

1. Whether Bell was entitled to an evi-dentiary hearing to prove that his attorney advised him that he would not be sentenced to the maximum number of years for the crime if he forfeited $4-0,000 and pleaded guilty to the sale of cocaine.

¶ 16. Bell claims that his lawyer told him that if he forfeited $40,000 and en *302 tered a guilty plea, he would not be sentenced to the maximum penalty for sale of cocaine. He claims the transcript does not tell the “full story” of his entry of a guilty plea. He claims that he should have been granted an evidentiary hearing to answer the question: “[W]hy would Bell simply give $40,000 to the State when the State never actually confiscated any money in Bell’s arrest without having some motivation[?]” Bell claims that the sentence imposed by the circuit court did not include a $40,000 fine when a fine could have been imposed. He states that “the exchange of $40,000 could have been for nothing else except an agreement between the prosecution and the defendant, conveyed to defendant by the defense counsel.”
¶ 17. The record reveals that the $40,000 forfeiture which Bell paid was a term of his plea agreement with the State. As previously set out in the trial judge’s ruling, the assistant district attorney, in making his sentencing recommendation, reminded the circuit court that Bell had signed a contract with the State forfeiting $40,000 in drug money. In fact, the forfeiture contract was signed and filed on January 19, 2010, the same day as Bell filed his motion to enter a guilty plea.
¶ 18. During the plea colloquy, Assistant District Attorney Hill stated:
MR. HILL: Your Honor, as to the sale of cocaine in Cause Number 2009-009, the State would recommend that the defendant be sentenced to serve a term of 30 years in the custody of the Mississippi Department of Corrections.
[[Image here]]

And as the Court is aware, the defendant has forfeited $i0,000, which we have a signed agreement, $⅛0,000 forfeiture [of] drug proceeds.

(Emphasis added).
We note that the signed agreement referred to by the assistant district attorney specifically states that Bell would enter a plea of guilty to the indictment. And in handwriting, someone wrote in, “absent of said enhancement,” and the document contained the initials of Bell’s counsel and of the assistant district attorney by that addition. Clearly, this is an indication that the forfeiture of the $40,000 of drug money was part of the negotiated plea deal between the State and Bell’s counsel. By dismissing the sentencing enhancement, the State and the circuit court allowed Bell to take thirty years off of his sentence.
¶ 19. The record belies Bell’s claim about his lawyer misleading him about his sentence. Under oath before the circuit court, Bell answered various questions specifically about his attorney and her performance for him:
COURT: Now, have you had an opportunity to go over the charges that have been brought against you in these cases with your attorney ... ?
DEFENDANT: Yes, sir.
COURT: Has she counseled with you and advised you of the elements of the crime of sale of cocaine ..., that being the facts [the] State would have to prove before you could be found guilty?
DEFENDANT: Yes, sir.
COURT: Has she also discussed with you any possible defenses you might have to these charges?
DEFENDANT: Yes, sir.
COURT: Has she met the expectations of what you believe a lawyer representing you in this case should do for you?
DEFENDANT: Yes, sir.
COURT: And are you satisfied that she has had your best interest at heart throughout this representation?
*303 DEFENDANT: Yes, sir.
COURT: Do you have any complaints about the representation you have received?
DEFENDANT: No.
COURT: Are you completely satisfied in all respects with the representation you have received from [your attorney]?
DEFENDANT: Yes, sir.
¶ 20. Further, in Bell’s petition to enter a plea of guilty, item four stated that he agreed that his lawyer advised him of the nature of the charges against him, and item nine stated that his lawyer informed him of the maximum and minimum punishments for the offense charged in the indictment. Item thirteen stated, “I believe that my lawyer is competent and has done all that anyone could do to counsel and assist me, and I am fully satisfied with the advice and help [s]he has given me.”
¶ 21. If a defendant’s claims are totally contradicted by the record, the trial judge may rely heavily on the statements made under oath. Simpson v. State, 678 So.2d 712, 716 (Miss.1996). “When the record of the plea hearing belies the defendant’s claims, an evidentiary hearing is not required.” Rush v. State, 811 So.2d 431, 436 (¶ 12) (Miss.Ct.App.2001). In Mowdy v. State, 638 So.2d 788, 743 (Miss.1994), the supreme court stated: “Where the petitioner’s version is belied by previous sworn testimony, for example, as to render his affidavit a sham we will allow summary judgment to stand.”
¶ 22. The transcript of Bell’s plea hearing completely contradicts each and every allegation on which Bell bases his claims that he was not aware of what his sentence would be. Therefore, we find this issue has no merit.

2. Whether Bell’s sentence is disproportionate.

¶ 23. In his next issue on appeal, Bell renews his claim that his sentence is disproportionate and is in direct conflict with his due-process rights. We have repeatedly held that we will not disturb the imposition of a sentence if it is within the limits prescribed by statute. Hensley v. State, 72 So.3d 1065, 1068 (¶ 10) (Miss.2011) (citing Reynolds v. State, 585 So.2d 753, 756 (Miss.1991)). Without question, the trial judge’s sentence of thirty years was within the sentencing limits.
¶24. Before a proportionality analysis is reached, it must be shown that the sentence is grossly disproportionate to the crime charged. Hoops, 681 So.2d at 538. Again, we point out that Bell had half of his possible sentence removed when he accepted the plea agreement.
¶ 25. Bell states that his sentence was disproportionate, but he offers no evidence to support such claim. Bell has failed to provide any statistics or data establishing that others convicted in the same or other jurisdictions of similar crimes were in fact given lighter sentences.
¶ 26. We note that, in Stromas v. State, 618 So.2d 116, 122 (Miss.1993), the supreme court upheld a sixty-year sentence enhanced under Mississippi’s habitual offender statute where the defendant was convicted of selling $70 worth of cocaine. And in Taylor v. State, 741 So.2d 960, 965 (¶ 22) (Miss.Ct.App.1999), we upheld a sixty-year sentence where the defendant was convicted of selling three rocks of cocaine for $40.
¶ 27. We cannot find that circuit court gave Bell a disproportionate sentence for the sale of cocaine, particularly in light of his plea agreement in which he agreed to the sentence. We find this issue without merit.

*304
3. Whether the circuit judge emd in finding that Bell’s motion was frivolous.

¶ 28. The final issue Bell raises is that the circuit court erred in finding that Bell’s PCR motion was frivolous and ordering that sixty days of his earned time be forfeited. Under section 47-5-138(3)(a), an inmate can lose accrued earned time if he or she files a motion that is frivolous, malicious, or fails to state a claim upon which relief can be granted. “A trial court’s conclusion that a motion is frivolous is reviewed for abuse of discretion.” Dock v. State, 802 So.2d 1051, 1056 (¶ 11) (Miss.2001). “The purpose of such forfeitures is to reduce frivolous filings on the part of incarcerated individuals, whether literate or illiterate, pro se or represented by counsel.” Stanley v. State, 904 So.2d 1127, 1133 (¶ 17) (Miss.Ct.App.2004). As the State points out, Bell’s allegations were completely contradicted by his prior sworn statements, and his claims had no arguable basis in law or in fact, had no realistic chance for success, and did not warrant relief. Therefore, we find that the circuit court did not abuse its discretion in ordering the loss of earned time. This issue is also without merit.
¶ 29. THE JUDGMENT OF THE CIRCUIT COURT OF GRENADA COUNTY DENYING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE, C.J., IRVING, P.J., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL, RUSSELL AND FAIR, JJ„ CONCUR.

. Bell was also convicted and sentenced for the possession of cocaine arising out of a different incident. However, he did not challenge that conviction and sentence in this post-conviction relief motion.