GRIFFIS, P.J.,
for the Court:
¶ 1. In 1981, Arthur Wilde pled guilty to murder and two counts of aggravated assault. He was sentenced to life in prison for the murder conviction and fifteen years for the aggravated-assault convictions.
¶ 2. On February 25, 2011, Wilde filed a motion for injunctive relief in the Circuit Court of Hinds County. In the motion, Wilde alleged that the Mississippi Parole Board’s denial of his parole was racially motivated and biased. Further, he claimed that the Parole Board discriminates against black inmates and gives them a longer set-off than white inmates convicted of similar crimes. On April 9, 2012, the circuit court dismissed Wilde’s motion with prejudice. It is from this order that Wilde now appeals.
ARGUMENT

I. Whether Wilde has a constitutionally protected interest in parole.

¶ 3. Wilde argues that the Parole Board’s decision to deny him parole was racially motivated and that he was not treated equally and fairly during his parole *176 hearing, as he was discriminated against because of his race. He contends that similarly situated white inmates were treated differently. Wilde argues that the trial court had a duty to investigate his claims that the Parole Board’s decision to deny him parole was racially motivated. In response, the State argues that the Parole Board has absolute discretion to determine who is granted parole in Mississippi and that Wilde did not state a claim for relief based on racial discrimination.
¶ 4. In Mitchell v. State, 561 So.2d 1037, 1039 (Miss.1990), the Mississippi Supreme Court held that “[t]he granting of parole or denial of parole, under [Mississippi Code Annotated section] 47-7-3 [(Rev. 2011) ] is the exclusive responsibility of the state parole board, which is independent of the circuit court’s sentencing authority.” Further, the court stated that “eligibility for parole is solely a matter under the jurisdiction of the state probation and parole board, which must follow the dictates of [section] 47-7-3.” Mitchell, 561 So.2d at 1039. Likewise, in Heafner v. State, 947 So.2d 354, 357 (¶ 11) (Miss.Ct.App.2007), this Court ruled that “[t]he trial court properly held that parole eligibility is normally an executive decision and not one for the judiciary to determine. Generally, a circuit court does not have the authority to determine parole eligibility.” Id. (citing Brown v. State, 731 So.2d 595, 598 (¶ 7) (Miss.1999)).
¶ 5. Here, the Parole Board cited seven reasons Wilde was denied parole: (1) the number of offenses committed, (2) the serious nature of the offenses committed, (3) his prior misdemeanor convictions, (4) community opposition, (5) insufficient time served, (6) his lack of social and educational skills, and (7) his unwillingness to be a law-abiding citizen. In Rochell v. State, 36 So.3d 479, 483 (¶ 14) (Miss.Ct.App.2010), this Court addressed the reasons that supported the defendant’s denial of parole:
Based on our review of the record, the Parole Board denied Rochell parole based on the following: (1) the serious nature of the offense, (2) the number of offenses committed, (3) his police record, (4) community opposition, and (5) insufficient time served. As we held in Justus [v. State, 750 So.2d 1277, 1279 (¶ 6) (Miss.Ct.App.1999) ], the reasons stated by the Parole Board for denying Rochell parole are areas which the Parole Board has authority to consider under Mississippi Code Annotated section 47-7-17 (Rev.2004). [Justus, 750 So.2d at 1279 (¶ 6)]. Thus, “these categories cannot be viewed as arbitrary and capricious.” Id.
¶ 6. Mississippi parole statutes do not provide mandatory language to establish a constitutionally recognized interest in parole. Vice v. State, 679 So.2d 205, 208 (Miss.1996). Instead, the parole statutes employ “the permissive ‘may’ rather than ‘shall,’ [meaning that] prisoners have ‘no constitutionally recognized liberty interest’ in parole.” Id. Further, in Hopson v. Mississippi State Parole Board,, 976 So.2d 973, 975 (¶ 6) (Miss.Ct.App.2008), this Court ruled that “[b]y statute, the Parole Board is given ‘absolute discretion’ to determine who is entitled to parole within the boundaries of the factors set forth in [section] 47-7-3.” As a result, Wilde, as other prisoners, does not have a constitutionally recognized liberty interest in parole.

II. Whether the circuit court erred in dismissing Wilde’s claim of racial discrimination against the Parole Board.

¶ 7. To maintain a claim for racial discrimination, Wilde must present evidence that establishes a violation of his equal-protection rights by the Parole Board in its application of the parole statutes based on his suspect classification. *177 Hopson, 976 So.2d at 976-77 (¶ 12). Wilde lists several cases to support his claim that he was discriminated against. He discusses ways in which he has prepared himself to be a law-abiding citizen by going to school. And he states that a white inmate was granted parole, while he was not. Although he alleges the Parole Board denied him parole because of his race, Wilde has failed to present evidence to support his own mere assertions.
¶ 8. According to Wilde, the white inmate who received parole had been convicted of three counts of armed robbery and was sentenced to three life terms. Wilde claims that because their crimes were similar in nature, it was racial discrimination to grant the white inmate parole, but to deny Wilde parole. Additionally, Wilde alleges that black inmates in general are given longer set-offs than white inmates. But again, Wilde fails to show evidence that establishes a clear violation of his equal-protection rights by the Parole Board.
¶ 9. We agree with the trial judge that Wilde has not presented the evidence necessary to substantiate his claim of racial discrimination. Therefore, finding no reversible error, we affirm the dismissal of his motion.
VIO. THE JUDGMENT OF THE CIRCUIT COURT OF HINDS COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HINDS COUNTY.
LEE, C.J., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL, FAIR AND JAMES, JJ., CONCUR. IRVING, P.J., CONCURS IN PART AND DISSENTS IN PART WITHOUT SEPARATE WRITTEN OPINION.