CARLTON, J.,
for the Court:
¶ 1. James Magee appeals the Walthall County Circuit Court’s judgment dismissing as successive-writ barred his August 2012 petition to show cause or, in the alternative, for a writ of habeas corpus. On appeal, Magee raises the following issues: (1) whether he was deprived of a parole date without due process of law; (2) whether his sentence is illegal; and (3) whether he was subjected to ex post facto violations. Because we find that Magee’s appeal involves a petition for post-conviction relief (PCR) that is both successive-writ barred and time-barred, we affirm the circuit court’s dismissal of Magee’s petition.
FACTS
¶ 2. As previously stated, Magee appeals the circuit court’s dismissal of his 2012 petition to show cause or, in the alternative, for a writ of habeas corpus. The procedural history of Magee’s convictions and prior writs assists in understanding the resolution of the issues now on *531 appeal. We therefore turn to our review of the facts and procedural history in this case.
¶ 3. On November 9, 2001, Magee pled guilty in Walthall County Circuit Court in Cause Number 2001-94-B to unlawful possession of more than one kilogram of marijuana, with intent to distribute, and to unlawful possession of more than one kilogram of marijuana, with intent to distribute, within 1,500 feet of a church. Because Magee’s offense occurred within 1,500 feet of a church, he was subject to an enhanced penalty that could double his sentence. See Miss.Code Ann. § 41-29-142 (Rev. 2018). In addition to these charges, Ma-gee pled guilty in Cause Number 2001-95-B to conspiracy to distribute more than one ounce but less than a kilogram of marijuana. For each count in Cause Number 2001-94-B, the circuit court judge sentenced Magee to sixteen years in the custody of the Mississippi Department of Corrections (MDOC), with the sentences to run concurrently with one another, plus fines and restitution. The circuit court judge also sentenced Magee to five years in the custody of MDOC for the offense in Cause Number 2001-95-B, with the sentence to run concurrently with the sentences in Cause Number 2001-94-B.[1]
¶ 4. Following his sentencing, Magee filed his first PCR petition in 2003.[2] The circuit court subsequently modified Ma-gee’s sentence, “and at that time[,] the court saw fit to grant relief from the effects of the enhancement on the calculation of the sentence [in Cause Number 2001-94-B.] The court amended the time to serve, but [it] left the enhancement intact.” While on post-release supervision (PRS), Magee committed additional offenses in both Lamar County and Walthall County. In April 2007, a Walthall County grand jury indicted Magee in Cause Number 2007-05-T for Count I, unlawful possession of at least one but less than five kilograms of marijuana, with intent to distribute, and Count II, possession of a firearm by a convicted felon. The indictment also noted Magee’s convictions for the two felonies previously committed in Walthall County.
¶5. On October 6, 2008, Magee pled guilty in Cause Number 2007-05-T to Count I charged in his indictment, and the State dismissed Count II. The State also agreed to dismiss the indictment in Cause Number 2008-17-T, a pending child-support case, and to add the child-support arrearage from that case to the amount owed in Cause Number 2007-05-T. On October 13, 2008, the circuit court judge sentenced Magee to twenty years in the custody of MDOC, with fifteen years to serve and the last five years suspended for PRS. On May 15, 2008, Magee was convicted in Lamar County for possession of marijuana. Due to Magee’s most recent convictions in Walthall County and Lamar County, on November 12, 2008, the Walt-hall County Circuit Court revoked Magee’s PRS in Cause Number 2001-94-B.
¶ 6. Following his sentencing in Cause Number 2007-05-T for unlawful possession of at least one but less than five kilograms of marijuana, with intent to distribute, Magee filed a second PCR petition on April 15, 2010. Magee asserted that the portion of his sentencing order regarding Cause Number 2008-17-T, the pending child-support case, was illegal and denied him due process of law. He argued that the order sentenced him for an offense in *532 the pending child-support case that was charged by a separate indictment and that was not a part of Cause Number 2007-05-T. Magee further asserted that the order found him guilty of the offense in the pending child-support case even though no trial was held and he never entered a guilty plea regarding the offense.
¶ 7. In addition to his PCR petition, Magee filed a complaint for a declaratory judgment in May 2010, seeking relief from the enhanced penalty in Cause Number 2001-94-B for unlawful possession of more than one kilogram of marijuana, with intent to distribute, within 1,500 feet of a church. Magee argued that his convictions in Cause Number 2001-94-B and Cause Number 2001-95-B were almost expired. He also asserted that an error regarding his parole eligibility had occurred because MDOC informed him that the enhanced penalty was “the alleged reason MDOC ha[d] dis[en]franchised him from being eligible for parole.” Magee thus asked the court to “correct MDOC without any further delays concerning parole eligibility” because his “[fifteen-jyear sentence in Cause [Number 2007-05-T] for possession of marijuana[,] with intent to distributee,] overrode any other existing] sentence.”
¶ 8. In an order entered on January 14, 2011,[3] the circuit court denied Magee’s requested relief from his sentence in Cause Number 2001-94-B. The circuit court judge stated the following regarding Ma-gee’s claim:
Magee is aggrieved [by] his sentence computation as it is affected by the enhancement in Cause Number 2001-94-
B. Magee exhausted the Administrative Remedies Program at [MDOC], [and] therefore the claim is properly before the [c]ourt, although it should have been filed as a Motion for Judicial Review. Magee is not entitled to either [PCR] or to relief on judicial review.
Magee sought and obtained [PCR] from the court in 2003, and as such[,] the claim for [PCR] is procedurally barred as a successive writ, and also as untimely. [Magee] entered a knowing, voluntary, and intelligent guilty plea to the charges with the enhancement, the court later reviewed the plea and sentence, and [it] left the enhancement intact. This court cannot now disturb the conviction.
Even construed as a Motion for Judicial Review, the claim is without merit. Magee apparently claims that because he has served enough total time to have completed his sentence in [Cause Number] 2001-94-B, the enhancement should no longer affect the computation of his several sentences. Magee’s sentences, however, were concurrent to each other.... [T]he drawback for Magee is that he will not complete one sentence until he has completed them all. The sentence in [Cause Number] 2001-94-B[,] along with its enhancement^] will affect Magee’s sentence computation until Ma-gee has completed all concurrent sentences.
¶ 9. The circuit court also ruled on Ma-gee’s request for relief from his sentence in Cause Number 2007-05-T regarding the pending child-support case. The cir *533 cuit court judge found that Magee was wrongfully ordered to pay restitution without final adjudication of the charges in the child-support case. The State agreed to dismiss the claim, and the circuit court judge amended the sentence in Cause Number 2007-05-T to eliminate the restitution.
¶ 10. On August 21, 2012, Magee filed the petition that is now the subject of his present appeal. In his “Petition for [an] Order to Show Cause or[,] in the Alternative[,] Petition for [a] Writ of Habeas Corpus,” Magee argued that his sentence in Cause Number 2007-05-T was illegal and that his removal from the parole-eligibility docket constituted a miscarriage of justice. Magee asserted the following in his 2012 petition:
[S]ometime between [his sentencing on] October 13, 2008, and September 12, 2011, without any judicial or administrative proceedings^] Petitioner’s sentence was changed in an adverse nature, in1 creasing the length of time Petitioner must serve in prison (and taking Petitioner’s parole date). In this regard[,] Petitioner’s sentence is illegal as a matter of law, and/or in the interest of justice. ...
¶ 11. In an order entered on March 1, 2013, the circuit court judge found that Magee was aggrieved by the calculation of his sentences in Cause Number 2001-94-B, the enhanced sentence for possession of marijuana, with intent to distribute, within 1,500 feet of a church, and in Cause Number 2008-17-T, the child-support case. As a result, the circuit court judge further found that Magee was simply attempting to relitigate the issues already raised in his 2010 PCR petition and complaint for a declaratory judgment. The circuit court judge stated, “Despite ... Magee’s contention that he is entitled to restate issues previously decided, call them [habeas] [c]orpus, and demand a constitutional right to .be heard, the [c]ourt- finds that [Ma-gee]’s pleading is nothing more than a [m]otion for [PCR] and that it is barred as a successive writ.” Aggrieved by the circuit court’s ruling, Magee now appeals to this Court.
STANDARD OF REVIEW
¶ 12. “When reviewing a circuit court’s denial or dismissal of a PCR motion, we will reverse the judgment of the circuit court only if its factual findings are ‘clearly erroneous’; however, we review the circuit court’s legal conclusions under a de novo standard of review.” Boyd v. State, 65 So.3d 358, 360 (¶10) (Miss.Ct.App.2011) (citation omitted).
DISCUSSION
I. Successive-Writ Bar
¶ 13. The circuit court judge found that Magee’s 2012 petition for an order to show cause or, in the alternative, for a writ of habeas corpus amounted to a PCR petition and was barred as a successive writ. The Uniform Post-Conviction Collateral Relief Act (UPCCRA) provides that “any order dismissing the petitioner’s motion or otherwise denying relief under this article is a final judgment and shall be conclusive until reversed. It shall be a bar to a second or successive motion under this article.” Miss.Code Ann. § 99-39-23(6) (Supp.2013). As our caselaw recognizes, “[t]he movant bears the burden of proving by a preponderance of the evidence that his claims are not barred as successive writs.” Williams v. State, 110 So.3d 840, 843 (¶ 13) (Miss.Ct.App.2013) (citation and internal quotation marks omitted).
¶ 14. The procedural history of this case reflects that Magee previously filed a PCR petition and a complaint for a declaratory judgment in 2010. The circuit court *534 found that Magee sought relief from his sentence in Cause Number 2001-94-B, which was affected by an enhanced penalty, and from his sentence in Cause Number 2008-17-T, the child-support case, which was included in Cause Number 2007-05-T without final adjudication of the charges. As previously discussed, the circuit court judge found that Magee’s complaint for a declaratory judgment should have been filed as a motion for judicial review. The circuit court judge further found that Magee was not entitled to either PCR or to relief on judicial review because “Magee sought and obtained [PCR] from the court in 2003, and as such[,] the claim for [PCR] is procedurally barred as a successive writ, and also as untimely.”
¶ 15. In 2012, Magee filed the petition to show cause or, in the alternative, for a writ of habeas corpus that is the subject of the present appeal. The circuit court judge treated Magee’s 2012 petition as a successive PCR petition. The circuit court judge noted that Magee remained aggrieved by the calculation of his sentences in Cause Number 2001-94-B and Cause Number 2008-17-T. As a result, the circuit court judge denied Magee’s attempt to relitigate the issues already raised in his 2010 PCR petition and complaint for a declaratory judgment.
¶ 16. Although Magee failed to style all of his requests for relief as PCR petitions, “[a] pleading cognizable under the UPCCRA will be treated as a motion for [PCR] that is subject to the procedural rules promulgated therein, regardless of how the plaintiff has denominated or characterized the pleading.” Knox v. State, 75 So.3d 1030, 1035 (¶12) (Miss.2011) (citations omitted).[4] As noted by the circuit court judge, Magee’s 2010 pleadings challenged his convictions in Cause Number 2001-94-B and Cause Number 2008-17-T, and his 2012 pleading sought to challenge the same convictions. Therefore, the circuit court judge properly treated Magee’s 2012 petition to show cause or, in the alternative, for a writ of habeas corpus as a PCR petition that was barred as a successive writ.
II. Time-Bar
¶ 17. In addition to arguing that Magee’s 2012 petition is successive-writ barred, the State also asserts that the petition is time-barred. Because Magee pled guilty to the charges in his indictments, Mississippi Code Annotated section 99-39-5(2) (Supp.2013) states that he possessed three years after entry of the judgment of conviction to file a PCR petition. Magee’s conviction in Cause Number 2001-94-B was entered in November 2001, and his conviction in Cause Number 2007-05-T was entered in October 2008. Magee filed the current petition in August 2012, which falls well outside the three-year time limit for both convictions, as provided by section 99-39-5(2). We therefore find that Magee’s petition requesting relief is time-barred.
III. Exceptions to the UPCCRA’s Procedural Bars
¶ 18. Our caselaw provides that, “[w]hen a subsequent PCR motion is filed, the burden falls on the movant to show he has met a statutory exception.” Williams, 110 So.3d at 843 (¶ 15) (citation and inter *535 nal quotation marks omitted). In addition, while errors affecting fundamental constitutional rights are excepted from the UP-CCRA’s procedural bars, bare assertions regarding such violations are insufficient. Id. To determine whether Magee has met his burden of showing that his claims are excepted from the UPCCRA’s procedural bars, we now address each of his arguments on appeal.
a. Due-Process Violation
¶ 19. Magee argues that he was eligible for parole but was wrongly deprived of a parole date without due process of law. Magee asserts that he was told during the plea-bargaining stage for Cause Number 2007-05-T that, in exchange for his guilty plea, he would receive a fifteen-year sentence and would become eligible for parole in approximately two and a half years. He further states, “As denoted in Petitioner’s initial sentence[-]computation record, he was afforded a parole[-]eligibility date of February 18, 2012.” However, Magee contends that he failed to receive a parole hearing on February 18, 2012, and instead, he received an “Inmate Time Sheet” dated October 31, 2011, which stated that he was no longer eligible for parole due to the enhanced penalty of his 2001 conviction. Magee now asks this Court to reinstate his parole date or, in the alternative, to order an evidentiary proceeding to be held to allow him the opportunity to prove his claims.
¶ 20. Despite Magee’s assertions that his due-process rights were violated, our caselaw is well settled that “Mississippi parole statutes do not provide mandatory language to establish a constitutionally recognized interest in parole.” Wilde v. Miss. Parole Bd., 2012-CP-00359-COA, 144 So.3d 175, 176, (Miss.Ct. App. Nov. 19, 2013) (citation omitted). As the Fifth Circuit Court of Appeals stated in. Scales v. Mississippi State Parole Board, 831 F.2d 565, 566 (5th Cir.1987), “The distinction between whether a prisoner shall or may be given parole critically differentiates his expectation of release, and hence his rights under the [D]ue [P]rocess [C]lause of the [Fourteenth [A]mendment. In Mississippi, the absolute discretion conferred on the Parole Board affords a prisoner no constitutionally recognized liberty interest.” (Emphasis in original). See also Hopson v. Miss. State Parole Bd., 976 So.2d 973, 976 (¶ 10) (Miss.Ct.App.2008) (finding that the prisoner failed to assert a viable claim that his due-process rights were violated by the denial of his parole); compare with Edmond v. Miss. Dep’t of Corr., 783 So.2d 675, 678 (¶ 12) (Miss.2001) (holding that “[t]he UPCCRA is unambiguous as it relates to parole revocations.... [I]t excepts claims of unlawful parole revocation from its three-year limitations period.”).
¶ 21. Therefore, based on applicable caselaw and the evidence in the record, we find that the decision to not provide Magee with a parole date failed to result in a due-process violation. Accordingly, this assignment of error lacks merit.
b. Illegal Sentence
¶ 22. Magee also contends that he is serving an illegal sentence in Cause Number 2007-05-T. Our caselaw recognizes that “[t]he right to be free from an illegal sentence is a fundamental right....” Alexander v. State, 879 So.2d 512, 514 (¶ 9) (Miss.Ct.App.2004). “A defendant’s fundamental right of freedom from an illegal sentence is violated when the sentence imposes an undue burden on the defendant....” Pruitt v. State, 846 So.2d 271, 274 (¶ 9) (Miss.Ct.App.2002) (citation omitted). This Court has also repeatedly held in past precedent that “we will not disturb the imposition of a sentence if it is within the limits prescribed by *536 statute.” Bell v. State, 102 So.3d 297, 303 (¶ 23) (Miss.Ct.App.2012) (citation omitted).
¶ 23. The circuit court judge acknowledged in his January 14, 2011 order that Magee’s sentences, including the one in Cause Number 2007-05-T, were affected by the enhanced penalty in Cause Number 2001-94-B. As previously discussed, Ma-gee’s conviction in Cause Number 2001-94-B carried an enhanced penalty because his offense occurred within 1,500 feet of a church. See Miss.Code Ann. § 41-29-142. On appeal, Magee argues that “[t]he enhancement factor was dropped upon Petitioner’s [guilty plea]” in Cause Number 2001-94-B. In support of this assertion, Magee points to language in the January 14, 2011 order stating that, in response to Magee’s 2003 PCR petition, “the court saw fit to grant relief from the effects of the enhancement....”
¶ 24. However, as reflected in the order itself, the circuit court judge also emphasized that “[t]he court amended the time to serve, but [it] left the enhancement intact.” The order further stated:
Magee apparently claims that because he has served enough total time to have completed his sentence in [Cause Number] 2001-94-B, the enhancement should no longer affect the computation of his several sentences. Magee’s sentences, however, were concurrent to each other.... [T]he drawback for Magee is that he will not complete one sentence until he has completed them all. The sentence in [Cause Number] 2001-94-B[,] along with its enhancement[,] will affect Magee’s sentence computation until Ma-gee has completed all concurrent sentences.
¶ 25. We find from our review of the record that Magee’s sentence in Count I of his indictment in Cause Number 2007-05-T was legal. The grand jury indicted Magee in Count I for the unlawful possession of at least one but less than five kilograms of marijuana, with intent to distribute. Although Mississippi Code Annotated section 41-29-139 (Rev. 2013) provides that Magee’s offense carries a maximum sentence of thirty years in' prison and a maximum fine of $1,000,000, the circuit court judge only sentenced Magee to twenty years in the custody of MDOC, with fifteen years to serve and the last five years suspended for PRS. We therefore find that Magee’s sentence fell within the limits prescribed by statutory law and failed to impose an undue burden on Ma-gee. See Bell, 102 So.3d at 303 (1123); Pruitt, 846 So.2d at 274 (¶ 9). Thus, this argument lacks merit.
c. Violation of the Ex Post Facto Clause
¶ 26. Magee also argues that his sentence violates the Ex Post Facto Clauses of the United States and Mississippi Constitutions.[5] The United States Supreme Court has interpreted Article I, Section 10 of the United States Constitution as prohibiting the following as ex post facto:
[A]ny statute which punishes as a crime an act previously committed, which was innocent when done, which makes more burdensome the punishment for a crime, after its commission, or which deprives one charged with crime of any defense available according to law at the time when the act was committed....
Beazell v. Ohio, 269 U.S. 167, 169, 46 S.Ct. 68, 70 L.Ed. 216 (1925).
¶ 27. In other words, “[a]n ex post facto law is one which creates a new offense or changes the punishment, to the detriment of the accused, after the com- *537 mission of the crime.” Ross v. Epps, 922 So.2d 847, 849 (¶ 5) (Miss.Ct.App.2006) (citation omitted). As this Court has previously recognized, “[t]he [E]x [P]ost [Fjacto [Cjlause is designed to prevent the legislature from increasing punishment beyond what was prescribed when the crime was committed.” Id. at (¶ 6) (emphasis in original). A review of the record in this case reflects that Magee suffered no ex post facto violation. As noted by the circuit court judge, Magee remains in the same position he has always been in, and he has suffered no retroactive punishment or increase in punishment beyond that prescribed when he committed his offenses.
¶ 28. As the circuit court judge emphasized in his order, the enhancement to Magee’s sentence in Cause Number 2001-94-B has always remained intact. Furthermore, Magee’s sentences run concurrently with one another. Therefore, Magee will not complete one sentence until he has completed them all, and the enhancement to his sentence in Cause Number 2001-94-B will continue to affect Magee’s sentence computation until he completes all his concurrent sentences. We thus find from a review of the record and applicable caselaw that Magee has failed to show that his sentence constituted a violation of the Ex Post Facto Clause. This argument lacks merit.
CONCLUSION
¶ 29. Upon review of this matter, we find that Magee has failed to satisfy his burden of demonstrating that an exception to the UPCCRA’s procedural bars applies. See Williams, 110 So.Bd at 843 (¶ 15). Because we find that Magee’s petition requesting relief is successive-writ barred and time-barred, we find no abuse of discretion in the circuit court’s dismissal of Magee’s PCR petition. We therefore affirm the circuit court’s ruling.
¶ 30. THE JUDGMENT OF THE CIRCUIT COURT OF WALTHALL COUNTY DISMISSING THE PETITION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO WALTHALL COUNTY.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., ISHEE, ROBERTS, MAXWELL, FAIR AND JAMES, JJ., CONCUR. BARNES, J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION.

. The record contains no copy of Magee’s indictments or sentencing orders for Cause Number 2001-94-B and Cause Number 2001-95-B.

. The record also contains no copy of Magee’s 2003 PCR petition.

. Due to a scrivener’s error, the order incorrectly states the year it was entered. The date on the order provides that it was entered on January 14, 2010, instead of the correct date of January 14, 2011. However, as reflected in the record and in the order itself, the order was entered in response to Magee’s PCR petition and complaint for a declaratory judgment, which were both filed after January 2010. In addition, the stamp on the order reflects that the document was filed with the Walthall County Circuit Clerk on February 14, 2011.

. See also Edmond v. Miss. Dep’t of Coir., 783 So.2d 675, 678 (¶ 9) (Miss.2001) ("[P]ost-trial petitions that are in the nature of habeas corpus are considered under the UP-CCRA_ Therefore, whether [the defendant's] claims are in the form of a writ of habeas corpus or an application for [PCR], they are considered under an exception to the UPCCRA.” (internal citation omitted)).

. See U.S. Const, art. I, § 9, cl. 3; U.S. Const. art. I, § 10, cl. 1; Miss. Const, art. 3, § 16.