# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2018-CP-00367-COA

**LAMARCUS RAMSEY A/K/A BOOBEE**                                    **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                                            **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 10/23/2017 |
| TRIAL JUDGE: | HON. MICHAEL M. TAYLOR |
| COURT FROM WHICH APPEALED: | PIKE COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | LAMARCUS RAMSEY (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: JEFFREY A. KLINGFUSS |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 02/04/2020 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE J. WILSON, P.J., McDONALD AND McCARTY, JJ.**

**J. WILSON, P.J., FOR THE COURT:**

¶1.     LaMarcus Ramsey pled guilty as a habitual offender to three counts of the sale of heroin.  Consistent with Ramsey's plea agreement with the State, the circuit court sentenced him to three consecutive terms of eight years, with a total of twelve years suspended and twelve years to serve.  About nine months later, Ramsey filed a motion for post-conviction relief (PCR)[1] in which he alleged various defects in his indictment, plea, and sentence.  The

---

[1] Ramsey titled his motion as a "Motion for Correction of Sentence," but the circuit court properly treated it as a PCR motion.  *See, e.g.*, *Knox v. State*, 75 So. 3d 1030, 1035 (¶12) (Miss. 2011) ("A pleading cognizable under the [Uniform Post-Conviction Collateral Relief Act] will be treated as a motion for post-conviction relief that is subject to the procedural rules promulgated therein, regardless of how the plaintiff has denominated or characterized the pleading.").

circuit court denied the motion. We find no error and affirm.

**FACTS AND PROCEDURAL HISTORY**

¶2. In June 2016, LaMarcus Ramsey pled guilty to three counts of the sale of heroin. The circuit court sentenced him to three consecutive terms of eight years in the custody of the Department of Corrections; however, the court suspended four years on Count II and all eight years on Count III, leaving a total of twelve years suspended with twelve years to serve. The court also imposed a term of post-release supervision. Ramsey's sentence was consistent with his plea agreement with the State.

¶3. In February 2017, Ramsey filed a PCR motion in which he alleged various defects in his indictment, plea, and sentence. He argued that (1) his indictment was defective because it failed to allege the "purity" of the cocaine he sold; (2) his sentence was illegal because a habitual offender is not eligible for a suspended sentence; (3) the circuit court should not have sentenced him as a habitual offender because his habitual offender status was neither alleged in the indictment nor proven at a bifurcated hearing; (4) the circuit court failed to conduct a "proportionality analysis" under the Eighth Amendment to the United States Constitution; and (5) his habitual offender status was improperly based on multiple convictions that arose from a single indictment and a single series of events. The circuit court found that these claims were all without merit and denied Ramsey's PCR motion. Ramsey appealed. On appeal, Ramsey advances the same basic arguments.

**ANALYSIS**

¶4. We will not disturb a circuit judge's factual findings on a denial of a motion for post-

2

conviction relief unless they are clearly erroneous. *Brown v. State*, 731 So. 2d 595, 598 (¶6) (Miss. 1999). We review any issues of law de novo. *Id.*

## I. The indictment was not defective.

¶5. Ramsey argues that his indictment was defective because it did not allege the "purity" of the heroin he sold and therefore failed to allege the actual amount of heroin he sold. This claim is without merit.

¶6. "The law is settled that, with only two exceptions, the entry of a knowing and voluntary guilty plea waives all other defects or insufficiencies in the indictment." *Alford v. State*, 185 So. 3d 429, 431 (¶6) (Miss. Ct. App. 2016) (brackets omitted) (quoting *Joiner v. State*, 61 So. 3d 156, 159 (¶7) (Miss. 2011)). The two exceptions are a "failure to charge an essential element of the crime" and a "lack of subject matter jurisdiction." *Id.*

¶7. Each count of Ramsey's indictment alleged that he sold *less than* two grams of heroin, a Schedule I drug. A person convicted of selling "[l]ess than two (2) grams" of a Schedule I drug shall "be imprisoned for not more than eight (8) years." Miss. Code Ann. § 41-29-139(b)(1)(A) (Supp. 2014). Therefore, the indictment properly alleged the quantity of heroin sold: less than two grams. Regardless of the "purity" of the heroin, "less than two grams" is still "less than two grams." Therefore, this argument is without merit.

¶8. In Ramsey's reply brief, he also asserts that the indictment was defective because it alleged only the dates and not the times or specific locations of the sales. Ramsey waived this argument by failing to raise it in the circuit court or in his opening brief on appeal. *Byrd v. Stubbs*, 190 So. 3d 26, 30 n.2 (Miss. Ct. App. 2016). Moreover, the indictment sufficiently

3

alleged that the drugs were sold in Pike County on or about June 10, 2015 and June 18, 2015.

## II. Ramsey cannot complain of an illegally lenient sentence.

¶9. Ramsey claims that his sentence is illegal because the sentence of a habitual offender "shall not be reduced or suspended." Miss. Code Ann. § 99-19-81 (Supp. 2014).[2] In other words, Ramsey argues that the circuit court imposed an illegally *lenient* sentence by suspending twelve years of his sentence. However, our Supreme Court "repeatedly has held" that a defendant cannot complain of a sentence that is "illegally *lenient*." *Williams v. State*, 158 So. 3d 309, 313 (¶12) (Miss. 2015) (citing *Sweat v. State*, 912 So. 2d 458, 461 (¶9) (Miss. 2005)). Therefore, this issue is without merit.

## III. Ramsey was properly sentenced as a habitual offender.

¶10. Ramsey next alleges that he should not have been sentenced as a habitual offender because his indictment failed to allege that he was a habitual offender and because the State did not prove that he was a habitual offender at a bifurcated hearing. These arguments are also without merit.

¶11. Ramsey was not originally indicted as a habitual offender, but the State filed a motion to amend the indictment to reflect his habitual offender status. The State's motion identified two specific prior felony convictions—a 1999 conviction in West Virginia and a 2014 conviction in Pike County—for which Ramsey had been sentenced to more than one year in prison. Ramsey did not oppose the motion, and the circuit court granted it. At Ramsey's plea hearing, the judge explained that the indictment had been amended to include habitual

---

[2] Although Ramsey cites the wrong statute, section 99-19-81 does provide that a habitual offender's sentence shall not be suspended.

4

offender status, and Ramsey stated that he understood. Ramsey's plea petition also stated that he would plead guilty as a habitual offender. When a defendant admits to prior criminal convictions as part of a guilty plea, those admissions are "sufficient to permit a finding of habitual status." *Atkison v. State*, 215 So. 3d 1002, 1005 (¶11) (Miss. Ct. App. 2017) (quoting *Sanders v. State*, 786 So. 2d 1078, 1082 (¶14) (Miss. Ct. App. 2001)). Therefore, Ramsey's indictment was properly amended, and the court properly sentenced Ramsey as a habitual offender.

### IV. Ramsey's sentence is not unconstitutional.

¶12. Ramsey also argues that the circuit court erred by failing to conduct a "proportionality analysis" of his sentence under the Eighth Amendment of the United States Constitution. However, the Constitution does not require such an analysis absent a threshold "show[ing] that the sentence is grossly disproportionate to the crime charged." *Bell v. State*, 102 So. 3d 297, 303 (¶24) (Miss. Ct. App. 2012). Here, the court sentenced Ramsey to only twelve years for three sales of heroin even though the law permitted a sentence of up to twenty-four years. In addition, Ramsey voluntarily agreed to the sentence as part of his plea deal. Ramsey's sentence was not "grossly disproportionate" to his crimes. *Id.* at (¶¶23-27) (holding that a thirty-year sentence for selling cocaine, agreed to as part of a plea bargain, was not grossly disproportionate). Therefore, the circuit court was not required to conduct a proportionality analysis, and this issue is without merit.

### V. Ramsey's habitual offender status is based on convictions that arose out of separate incidents at different times.

¶13. Finally, Ramsey argues that "the State has improperly used the multiple counts in

[one] indictment, which all derived out of one (1) single 'ongoing-act/and-or events,' to enhance [his] sentence to Habitual-Offender-Status." However, Ramsey's habitual offender status, which he admitted in his guilty plea, is based on a 1999 conviction in West Virginia and a 2014 conviction in Mississippi. Clearly, this is sufficient to meet the statutory requirement of two convictions "arising out of separate incidents at different times." Miss. Code Ann. § 99-19-81. This issue is also without merit.

**CONCLUSION**

¶14. The circuit court's order denying Ramsey's PCR motion is **AFFIRMED**.

**BARNES, C.J., CARLTON, P.J., GREENLEE, WESTBROOKS, TINDELL, McDONALD, LAWRENCE, McCARTY AND C. WILSON, JJ., CONCUR.**