972 So.2d 648 (2006)
Mark Dwayne SUMRELL, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2005-KA-00963-COA.
Court of Appeals of Mississippi.
December 5, 2006.
Rehearing Denied April 24, 2007.
*649 Stephen Nick, Greenville, attorney for appellant.
Office of the Attorney General by Deshun Terrell Martin, attorney for appellee.
Before LEE, P.J., IRVING and ISHEE, JJ.
IRVING, J., for the Court.
¶ 1. Mark Dwayne Sumrell was convicted by a jury of felony shoplifting and sentenced by the Washington County Circuit Court to life in the custody of the Mississippi Department of Corrections as a habitual offender. Sumrell now appeals his conviction, asserting that his trial counsel was ineffective for failing to pursue disqualification of the district attorney's office, for allowing a jury instruction, and for not sufficiently contesting the State's amendment of Sumrell's indictment.[1]
¶ 2. Finding no error, we affirm.

FACTS
¶ 3. On October 13, 2003, Sumrell entered a Kroger grocery store in Greenville, Mississippi. James Ross, a security guard employed by the store, observed Sumrell enter the store and go immediately to a rack of leather jackets.[2] Ross then observed Sumrell take one of the jackets and head further into the store. Ross followed Sumrell and watched as Sumrell put on the jacket. At that time, Ross noticed that the tags on the jacket had been removed. According to Ross, Sumrell then made his way toward the exit of the store without *650 paying for the jacket. Ross then intercepted Sumrell and requested that he remove the jacket and come to the office. Sumrell asked if he could simply remove the jacket and leave the store, but Ross told him that he needed to come to the store's office. Ross contacted the police after intercepting Sumrell.
¶ 4. After the police arrived at the store, they questioned Sumrell and took photographs of the leather jacket. Ultimately, Sumrell was arrested for shoplifting. Because he had two prior shoplifting convictions, he was charged with third-offense shoplifting, a felony. Miss.Code Ann. § 97-23-93(6) (Rev.2006).
¶ 5. Carol White-Richard, then employed by the Washington County Public Defender's Office, was appointed to represent Sumrell. At some point during her representation of Sumrell, White-Richard left the public defender's office to work for the Washington County District Attorney's Office. At the outset of trial, Sumrell informed the court that his former attorney in the matter now worked for the district attorney's office.

ANALYSIS AND DISCUSSION OF THE ISSUE
¶ 6. Sumrell asserts that his counsel was ineffective for failing to take several courses of action, each of which is discussed in turn below. We first note, however, that it is incumbent upon Sumrell to prove his counsel's ineffectiveness by the requisite standard of proof. There are two prongs that a defendant must prove in order to show that his counsel was ineffective. First, a defendant must prove that his counsel was deficient, and second, he must prove that his counsel's deficiency prejudiced his defense. Jones v. State, 920 So.2d 465, 478(¶ 42) (Miss.2006). There is a "strong but rebuttable presumption" that a defendant's counsel was effective. Id. (quoting Rankin v. State, 636 So.2d 652, 656 (Miss.1994)). "The defendant must show that but for his attorney's errors, there is a reasonable probability that he would have received a different result in the trial court." Id. (quoting Rankin, 636 So.2d at 656).
Motion to Disqualify
¶ 7. First, Sumrell claims that his counsel was ineffective for failing to file a motion to disqualify the Washington County District Attorney's Office. Sumrell believes that the district attorney's office should have been removed from prosecuting him because his original trial attorney had moved to the district attorney's office at the time of his trial, thereby creating a conflict of interest for the district attorney's office. Although Sumrell asserts that his attorney should have moved for the disqualification of the district attorney's office, he fails to inform us how this would have resulted in a different outcome in his case. Further, Sumrell has not directed us to any evidence indicating that White-Richard shared information regarding his case with other attorneys in the district attorney's office. Sumrell can point to no piece of evidence introduced by the State that came from White-Richard's knowledge of his case. Therefore, Sumrell has failed to prove that his counsel was ineffective, because he has not shown that the alleged deficiency prejudiced his defense. In light of the strong presumption that counsel is effective, this contention of error is without merit.
Jury Instruction
¶ 8. In this assertion of error, Sumrell appears to make the argument that his trial attorney should have objected to the State's instruction regarding third-offense shoplifting and its reference to Sumrell's two prior convictions for misdemeanor shoplifting. Sumrell explains that "[t]he *651 instruction, S-2,[3] attempts to define the conduct that constitutes shoplifting" and suggests "that a further reference to the fact that the appellant was previously convicted on two prior occasions, incorrectly, allow[ed] the jury to infer that the two prior convictions are an element of shoplifting, itself."
¶ 9. We note that two prior convictions of shoplifting are an element of third-offense shoplifting, which is defined as: "Upon a third or subsequent shoplifting conviction the defendant shall be guilty of a felony. . . ." Miss.Code Ann. § 97-23-93(6) (Rev.2006) (emphasis added). Therefore, in order to prove third-offense shoplifting under the code, the State must show that the defendant has been previously convicted at least twice of shoplifting. Since Sumrell was charged with third-offense shoplifting, an instruction telling the jury to determine whether Sumrell had been previously convicted of shoplifting at least twice was not only correct, it was required.
¶ 10. Sumrell then contends that the instruction should have included reference to section 97-23-93(2) as to what constitutes the requisite intent necessary for shoplifting. As to Sumrell's contention that an instruction should have been asked for by his trial lawyer regarding the intent required for shoplifting, we note again that Sumrell has failed to show how this alleged deficiency prejudiced his defense. Instruction S-2 adequately covered what the State was required to prove in order to convict Sumrell of third-offense shoplifting. In fact, we note that the given instruction tracks almost exactly the language of Mississippi Code Annotated section 97-23-93(1). In light of the strong presumption that trial counsel acted effectively, Sumrell has failed to prove that his counsel was deficient. Further, Sumrell again has offered no evidence or argument as to how this alleged deficiency prejudiced his defense. Therefore, this issue is without merit.
Amendment of Indictment
¶ 11. In his final contention of error, Sumrell claims that his trial counsel was ineffective for failing to object to the amendment of his indictment to reflect his habitual offender status. Sumrell contends that the amendment was one of substance and not form.
¶ 12. First, we note that Sumrell's trial attorney did, in fact, object to the State's amendment of the indictment. The court, however, determined that the amendment was proper. Second, we note that an amendment of an indictment to reflect a defendant's habitual offender status is allowable, as long as "the defendant is afforded a fair opportunity to present a defense and is not unfairly surprised." Wilson v. State, 935 So.2d 945, 948-49(¶ 10) (Miss.2006) (quoting URCCC 7.09). Sumrell was presented a "fair opportunity to present a defense" and has offered no evidence to show that he was "unfairly surprised" by the amendment of the indictment to reflect his habitual offender status. Therefore, Sumrell has *652 failed to overcome the presumption that his trial counsel provided him with effective representation. This issue is also without merit.
¶ 13. THE JUDGMENT OF THE CIRCUIT COURT OF WASHINGTON COUNTY OF CONVICTION OF FELONY SHOPLIFTING AND SENTENCE OF LIFE IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AS A HABITUAL OFFENDER, WITHOUT THE POSSIBILITY OF EARLY RELEASE OR PAROLE, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO WASHINGTON COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., SOUTHWICK, CHANDLER, GRIFFIS, BARNES, ISHEE AND ROBERTS, JJ., CONCUR.
NOTES
[1] Sumrell also has another issue: "The appellant, Sumrell, requested a continuance and the opportunity to ahve [sic] the Court appoint other counsel [as] he felt that [his trial counsel] was not prepared. The parties only spoke on two occasions prior to trial." However, no further discussion of this issue is presented in Sumrell's brief, and the issue is therefore procedurally barred. Roche v. State, 913 So.2d 306, 314(¶ 26) (Miss.2005).
[2] Ross was not wearing a uniform.
[3] Instruction S-2 reads:

The Court instructs the Jury that if you believe, beyond a reasonable doubt, [that] the Defendant, MARK DWAYNE SUMRELL, did on or about the date testified about, wilfully, unlawfully and feloniously take possession of merchandise described as a black leather coat, owned and displayed for sale by Kroger, with the intention and purpose of converting such merchandise to his own use without paying the purchase price thereof, and if you further believe beyond doubt that the Defendant, MARK DWAYNE SUMRELL, was twice previously convicted of the crime of shoplifting within seven (7) years of this incident, then it is your sworn duty to find the Defendant . . . guilty as charged.