ON WRIT OF CERTIORARI.
¶ 1. Mark Dwayne Sumrell was convicted of felony shoplifting and sentenced to life imprisonment as a habitual offender by the Washington County Circuit Court. We assigned the case to the Court of Appeals which affirmed his conviction and sentence in Sumrell v. State, 972 So.2d 648,2006 WL 3490836, 2006 Miss.App. LEXIS 901 (Miss.Ct.App. Dec. 5, 2006) Sumrell filed a petition for certiorari which this Court granted. Finding no reversible error, we affirm.
 FACTS ¶ 2. On October 13, 2003, James Ross, a security guard at the Kroger grocery store in Greenville, Mississippi, saw Mark Dwayne Sumrell remove a leather jacket from a rack in Kroger. Ross followed Sumrell and saw him put on the jacket. Ross also noticed that the price tags had been removed from the jacket. Sumrell approached the store exit without paying for the jacket. Ross apprehended Sumrell and asked him remove the jacket and go to the store's office with him. Sumrell asked if he could remove the jacket and leave, but Ross insisted that Sumrell go to the office, where Ross called police.
 ¶ 3. The police arrived, questioned Sumrell, photographed the leather jacket, and arrested Sumrell for shoplifting. Sumrell had two prior shoplifting convictions, thus he was charged with third-offense shoplifting, a felony. Miss. Code Ann. § 97-23-93(6) (Rev. 2006).
 ¶ 4. The trial court appointed Carol White-Richard, of the Washington County Public Defender's Office, as counsel for Sumrell. Ultimately, White-Richard accepted a job with the Washington County District Attorney's Office and Stephen Nick was appointed as Sumrell's new counsel.
 DISCUSSION ¶ 5. We find no merit to nor reason for discussion of most of the issues raised on *Page 574 
certiorari. We adopt the reasoning and analysis of the Court of Appeals on those issues. We do, however, address the following issues raised for the first time on certiorari.
 I. Whether Sumrell Legitimately Raised the Issues Before the Court of Appeals that he now argues before this Court.
 ¶ 6. After a careful review of the record, this Court concludes that Sumrell never raised either of the issues that he now claims were not addressed by the Court of Appeals: (1) that he was improperly sentenced under Mississippi Code Section 99-19-83; and (2) an Eighth Amendment proportionality claim. While pro se litigants are afforded some leniency, they "must be held to substantially the same standards of litigation conduct as members of the bar." Perry v. Andy,858 So.2d 143, 146 (Miss. 2003).
 ¶ 7. Appellate counsel was appointed to represent Sumrell in his appeal. Sumrell's appeal was filed on April 28, 2005, and was assigned to the Court of Appeals in May. In August, Sumrell mailed his own letter to the clerk of the Mississippi Supreme Court and copied his attorney. The letter stated that he was attempting to perfect his own appeal, listing three issues that he intended to raise in his appeal. The issues Sumrell listed included an argument that he was illegally sentenced under the habitual-offender statute, but he failed to mention the issue of proportionality. Sumrell did attach a list of citations to cases he deemed important including Solemv. Helm, 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637
(1983), which addresses proportionality. In relation to the statement of issues in an appellant's brief, Mississippi Rules of Appellate Procedure 28(a)(3) states that "[n]o separate assignment of errors shall be filed" and that "[n]o issue not distinctly identified shall be argued by counsel, except upon request of the court." We find that a mere letter to the Clerk does not sufficiently raise or preserve an issue for appeal.
 ¶ 8. In April of the following year, Sumrell's court-appointed appellate counsel filed Sumrell's appellant's brief. This brief officially asserted Sumrell's issues for appeal. It included four issues, which were properly addressed by the Court of Appeals. One of the issues stated, "The appellant asserts that counsel did not sufficiently contest the requested amendment to the indictment, [i].e. changing same from 99-19-81 to 99-19-83." The brief included an excerpt from the trial transcript which included a statement of Sumrell's trial counsel asserting that the State did not show in theindictment that Sumrell was sentenced to and actually served more than one year on the underlying offenses. However, the issue as raised on appeal was couched as an ineffective-assistance-of-counsel claim.
 ¶ 9. In May, Sumrell sent another letter to the Clerk of the Mississippi Supreme Court and copied his attorney and the Mississippi Attorney General. This letter stated that Sumrell wanted his attorney to supplement his brief with the argument that the State failed to prove that he was sentenced to, and actually served, a year on each of the underlying offenses. Again, we find that this letter did not act as a pro se brief, nor did it bring or preserve this issue before the Court of Appeals. Sumrell did not file a supplemental or reply brief, and in December 2006, the Court of Appeals handed down its decision unanimously affirming the trial court.
 ¶ 10. In April 2007, Sumrell finally filed a pro se motion for post-conviction relief and an accompanying supporting brief, which he should have done in the very *Page 575 
beginning of the appeal process. In this accompanying brief, Sumrell for the first time legitimately argues that the trial court erred in sentencing him under the habitual-offender statute because the State failed to prove that he was sentenced to and actually served more than one year on the underlying offenses. This is also the first time Sumrell legitimately asserted that the sentence violated his constitutional rights because it was not proportionate to the crimes committed.
 ¶ 11. This Court recognizes that issues not raised on direct appeal or before the trial court are procedurally barred and are not subject to further review. Wilcher v.State, 479 So.2d 710, 712 (Miss. 1985). The Court of Appeals had rendered its opinion four months prior to Sumrell filing this pro se brief, and the Court of Appeals opinion was final as that court had denied Sumrell's motion for rehearing and issued its mandate.
 ¶ 12. In May 2007, Sumrell's appellate counsel filed a petition for certiorari with this Court. Again, he raised the same issues he had raised before the Court of Appeals. The issues raised included the ineffective-assistance-of-counsel issue relating to the amendment of the indictment under the habitual offenders statute. The petition made no mention whatsoever of the proportionality issue.
 ¶ 13. In June 2007, Sumrell filed a pro se petition for certiorari with this Court. In it, Sumrell asserted that the State did not prove he was sentenced to and served one year for the underlying offenses. Sumrell never legitimately raised this issue before the Court of Appeals. Furthermore, Sumrell's petition for certiorari failed to mention the proportionality issue. This Court has held that issues not raised at trial or on direct appeal are procedurally barred. McFarland v.Entergy Miss., Inc., 919 So.2d 894, 904 (Miss. 2005).
 ¶ 14. Based on the above facts gleaned from the record, we find that Sumrell did not legitimately raise before the Court of Appeals either of the issues he now attempts to argue before this Court. Therefore, consideration by this Court by way of certiorari is inappropriate. We accordingly apply the procedural bar. Procedural bar notwithstanding, the Court will address these issues on the merits.
 II. Whether Sumrell Was Properly Sentenced Under Mississippi's Habitual Offender Statute.
 ¶ 15. Mississippi's habitual-offender statute, Mississippi Code Annotated Section 99-19-83 provides:
 Every person convicted in this state of a felony who shall have been convicted twice previously of any felony or federal crime upon charges separately brought and arising out of separate incidents at different times and who shall have been sentenced to and served separate terms of one (1) year or more in any state and/or federal penal institution, whether in this state or elsewhere, and where any one (1) of such felonies shall have been a crime of violence shall be sentenced to life imprisonment, and such sentence shall not be reduced or suspended nor shall such person be eligible for parole or probation.
Miss. Code Ann. § 99-19-83 (Rev. 2007). We note at the outset that the State must prove that the Sumrell actually served one year or more on two felony convictions. At trial, the trial court admitted the Mississippi Department of Corrections pen pack into evidence. The pen pack established the following facts:
 1. Sumrell was convicted of armed robbery, cause number 22, 242, and sentenced to probation on September 23, 1991. *Page 576 
 2. Sumrell's probation on the armed robbery conviction was revoked on February 22, 1993, and he was sentenced to a three-year sentence. Sumrell began serving this sentence on February 11, 1993.
 3. Sumrell was convicted of possession of cocaine, cause number 23, 077, on February 22, 1993, and he was sentenced to a three-year sentence to run concurrently with his robbery sentence. Sumrell began serving this sentence on February 11, 1993.
 4. An amended order was entered on July 20, 1993.
 5. Sumrell was released from jail on both the robbery and possession-of-cocaine sentences on March 23, 1994.
 ¶ 16. The above facts indicate that Sumrell served more than one year on both sentences. All the documents in the pen pack establish that Sumrell, in fact, was sentenced and served a year on the separate offenses of robbery and possession of cocaine. Therefore, the circuit court did not err in sentencing Sumrell in the present case as a habitual offender under Mississippi Code Annotated Section 99-19-83.
 III. Whether Sumrell's Life Sentence Was Disproportionate In Light of His Crimes.
 ¶ 17. "[T]he general rule in Mississippi is that a sentence that does not exceed the maximum term allowed by the statute, cannot be disturbed on appeal." Edwards v. State,800 So.2d 454, 468 (Miss. 2001) (citing Fleming v. State,604 So.2d 280, 302 (Miss. 1992)). This Court "will review a sentence that allegedly imposed a penalty that is disproportionate to the crime." Id.
 ¶ 18. In Edwards, this Court discussed the proportionality analysis as laid out by the United States Supreme Court:
 The United States Supreme Court set forth a three-prong test for an Eighth Amendment proportionality analysis in Solem as follows:
 (i) the gravity of the offense and the harshness of the penalty;
 (ii) the sentence imposed on other criminals in the same jurisdiction; and
 (iii) the sentences imposed for commission of the same crime in other jurisdictions.
 This Court noted, however, that Solem was overruled in Harmelin v. Michigan, 501 U.S. 957, 965-66, 111 S.Ct. 2680, 2686-87, 115 L.Ed.2d 836 (1991) "to the extent that it found a guarantee of proportionality in the Eighth Amendment. In light of Harmelin, it appears that Solem is to apply only when a threshold comparison of the crime committed to the sentence imposed leads to an inference of `gross disproportionality.'" Hoops v. State, 681 So.2d at 538 (citations omitted). The appellate courts will not apply the three-prong disproportionality test when there is a lack of this initial showing. Young v. State, 731 So.2d 1120, 1125
(Miss. 1999); Williams v. State, 784 So.2d 230, 236 (Miss.Ct.App. 2000).
800 So.2d at 469. Applying our reasoning in Edwards to the case at bar, we find no merit to the issues.
 CONCLUSION ¶ 19. While Sumrell eventually did raise both of the issues that he now attempts to argue before this Court, he did not do so legitimately under the Rules of Appellate Procedure and our case law, or at the proper time to preserve the issues for appeal. Thus, we apply the procedural *Page 577 
bar. Alternatively, procedural bar notwithstanding, we find no valid basis for the issues Sumrell raises considering the merits. We therefore affirm the judgments of the Court of Appeals and the trial court.
 ¶ 20. THE JUDGMENT OF THE COURT OF APPEALS ISAFFIRMED. CONVICTION OF FELONY SHOP-LIFTING AND SENTENCE OFLIFE IMPRISONMENT, AS A HABITUAL OFFENDER, IN THE CUSTODY OFTHE MISSISSIPPI DEPARTMENT OF CORRECTIONS, AFFIRMED.
WALLER, P.J., EASLEY, CARLSON AND RANDOLPH, JJ., CONCUR. LAMAR, J., CONCURS IN RESULT ONLY. DIAZ, P.J., CONCURS IN PART AND DISSENTS IN PART WITH SEPARATE WRITTEN OPINION JOINED BY GRAVES AND DICKINSON, JJ.