MYERS, J.,
 

 for the Court:
 

 ¶ 1. Shawn Courtney Boyd appeals from the Lee County Circuit Court’s dismissal of his motion for post-conviction relief (PCR), in which Boyd claimed the circuit court had improperly revoked his post-release supervision (PRS). Finding no error, we affirm.
 

 FACTS
 

 ¶ 2. In 2002, Boyd pleaded guilty in the Lee County Circuit Court to two counts of aggravated assault, for which he received a twenty-year sentence on each count in the custody of the Mississippi Department of Corrections (MDOC). Each sentence was ordered to run concurrently, with fifteen years suspended on each count and five years under PRS.
 

 ¶ 3. In April 2008, while on PRS, Boyd was arrested and charged by the New Albany Police Department with possession of a firearm by a convicted felon. The State thereafter filed a petition in the Lee County Circuit Court to revoke Boyd’s PRS and reinstate his suspended sentence, based on the allegation that Boyd had violated the terms and conditions of his PRS by failing to live at liberty without violating any laws.
 

 ¶ 4. Boyd waived his right to a preliminary revocation hearing, and a formal revocation hearing was conducted in the circuit court in August 2008. At the hearing, Boyd admitted to the judge that he had been arrested and charged with possession of a firearm by a convicted felon. He told the judge, however, that he had not pleaded guilty to the charge and that he intend
 
 *360
 
 ed to try and have the charge dismissed, as he was only in the vicinity of the firearm at the time of his arrest. The judge explained to Boyd that where the State seeks to revoke one’s PRS based upon an allegation of criminal activity, there need not be proof of an actual conviction of the crime in criminal court; rather, there need only be a showing that the probationer more likely than not committed the offense.
 

 ¶ 5. The State informed the judge that Boyd had since been indicted by a Union County grand jury on the firearm charge, but because Boyd had not yet been served with the indictment, the State did not have a certified copy to submit to the court. The State, instead, introduced a warrant signed by a Union County Justice Court Judge, which the State contended demonstrated a previous finding of probable cause for the firearm charge. According to the State, the warrant certificate was issued following a preliminary hearing, which was held in the justice court at Boyd’s request.
 

 ¶6. The circuit court found that Boyd had violated the conditions of his PRS. Accordingly, the circuit court revoked Boyd’s PRS and ordered Boyd be returned to the MDOC to serve the suspended fifteen years of his sentence, with seven years suspended and five years of PRS.
 

 ¶ 7. Boyd thereafter filed a PCR motion claiming that he was entitled to relief because the circuit court had improperly revoked his PRS based on the mere fact that he was arrested and charged with violating the law without a conviction. Boyd asserted in the motion that he was served with an “illegal and forged indictment” following his revocation hearing. Boyd attached a copy of his indictment to a reply brief he filed in response to the State’s brief objecting to the PCR motion.
 

 ¶ 8. An evidentiary hearing was held on Boyd’s PCR motion in September 2009, with Boyd and the prosecution both present. Afterwards, the circuit court dismissed Boyd’s PCR motion, finding that the revocation of Boyd’s PRS was appropriate as the court had found that Boyd more likely than not had violated the terms and conditions of his PRS.
 

 ¶ 9. This appeal followed. Boyd designated the record for appeal, in which he requested copies of all papers and motions filed by him, along with a copy of the transcript of the evidentiary hearing held under the Cause No. CV08-135-(R)(L)— the cause number assigned to Boyd’s PCR motion. The record before this Court contains no copy of the transcript of the PCR evidentiary hearing, and no mention of its omission from the record is made by either party.
 

 STANDARD OF REVIEW
 

 ¶ 10. “When reviewing a circuit court’s denial or dismissal of a [PCR motion], we will reverse the judgment of the circuit court only if its factual findings are ‘clearly erroneous’; however, we review the circuit court’s legal conclusions under a de novo standard of review.”
 
 Council v. Miss. Dep’t of Corn.,
 
 51 So.3d 256, 258 (¶7) (Miss.Ct.App.2011) (quoting
 
 Doss v. State,
 
 19 So.3d 690, 694 (¶ 5) (Miss.2009)). A petitioner must show by a preponderance of the evidence that he or she is entitled to relief. Miss. Code Ann. § 99-39-23(7) (Supp.2010).
 

 ANALYSIS
 

 ¶ 11. Boyd maintains on appeal that the circuit court erred in revoking his PRS by basing its decision on the fact that he was arrested and charged with possession of a firearm by a convicted felon. Boyd contends that he was not given the chance to clear himself of the possession-
 
 *361
 
 of-a-fíream charge and that the MDOC had lied to him by telling him that he would be released to face that charge..
 

 ¶ 12. Where the State seeks to revoke a defendant’s PRS based upon an allegation of criminal activity, “it must show proof of an actual conviction, or that a crime has been committed and that it is more likely than not that the probationer committed the offense.”
 
 Brown v. State,
 
 864 So.2d 1058, 1060 (¶9) (Miss.Ct.App. 2004). Here, the circuit court found that Boyd more likely than not engaged in criminal activity based on the fact that Boyd had been indicted by a Union County grand jury. Although Boyd had not yet been served with the indictment at the time of his revocation hearing in August 2008, the record illustrates that a Union County grand jury had in fact returned an indictment against Boyd prior to the June 2008 term of court.
 

 ¶ 13. We find that Boyd’s indictment for the alleged firearm offense constituted prima facie evidence of the existence of probable cause that Boyd had committed the offense charged. At the revocation hearing, Boyd was given the opportunity to respond to the State’s petition, and he failed specify that he did not violate the terms and conditions of his PRS.
 
 See, e.g., Peacock v. State,
 
 963 So.2d 1180, 1182 (¶ 5) (Miss.Ct.App.2007). Boyd merely expressed to the circuit court his belief that the State had to show a conviction in order to demonstrate that he had violated one of the conditions of PRS, that being that he failed to live at liberty without violating any laws. The circuit court explained to Boyd why this was a mistaken assumption.
 

 ¶ 14. We find no error in the circuit court’s decision to dismiss Boyd’s PCR motion. This issue is without merit.
 

 ¶ 15. THE JUDGMENT OF THE LEE COUNTY CIRCUIT COURT DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LEE COUNTY.
 

 LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL AND RUSSELL, JJ., CONCUR.