# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2014-CP-00303-COA

MARK DWAYNE SUMRELL A/K/A MARK D.                              APPELLANT
SUMRELL A/K/A DEWYANE CHRISTOPHER
SUMRELL A/K/A CHARLES WILLIAMS A/K/A
MARK SUMRELL

v.

STATE OF MISSISSIPPI                                            APPELLEE


| | |
|---|---|
| DATE OF JUDGMENT: | 02/04/2014 |
| TRIAL JUDGE: | HON. W. ASHLEY HINES |
| COURT FROM WHICH APPEALED: | WASHINGTON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | MARK DWAYNE SUMRELL (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: LADONNA C. HOLLAND |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| TRIAL COURT DISPOSITION: | DENIED APPELLANT'S MOTION FOR POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 05/12/2015 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE LEE, C.J., ROBERTS AND CARLTON, JJ.**

**CARLTON, J., FOR THE COURT:**

¶1.     Mark Sumrell appeals the Washington County Circuit Court's denial of his motion for post-conviction relief (PCR).  On appeal, Sumrell asserts the following issues:  (1) whether the circuit court erred by finding that he served more than a year in prison on his prior robbery conviction; and (2) whether his sentencing as a habitual offender is illegal and

constitutes cruel and unusual punishment.[1]  Finding no error, we affirm.

## FACTS

¶2.    On February 4, 2004, a grand jury indicted Sumrell for felony shoplifting in Cause No. 2004-043.  The indictment charged Sumrell as a habitual offender pursuant to Mississippi Code Annotated section 99-19-81 (Rev. 2000).  The indictment stated that Sumrell had been previously convicted of felonies in two separate cause numbers.  Although the indictment stated that Sumrell was convicted of cocaine possession in Cause No. 23,077,[2] it failed to specify his crime in Cause No. 22,242.  Prior to trial, the circuit court judge granted the State's motion to amend Sumrell's indictment to reflect that he was convicted of robbery in Cause No. 22,242 and to charge Sumrell as a habitual offender under Mississippi Code Annotated section 99-19-83 (Rev. 2000) rather than section 99-19-81.

¶3.    After considering the evidence and testimony presented at trial, the jury convicted Sumrell of felony shoplifting.  Based on Sumrell's prior convictions for robbery and cocaine

_____

[1] Sumrell's appeal asserts additional assignments of error.  However, the Mississippi Supreme Court granted Sumrell's request to file a PCR motion in circuit court for the sole purpose of determining whether Sumrell served a full year in prison on his prior robbery conviction, which the State used to support Sumrell's status as a habitual offender.  Therefore, any arguments Sumrell raises regarding other issues are not properly before this Court, and we refuse to address those arguments.

[2] Sumrell's indictment in Cause No. 2004-043 for felony shoplifting contains a scrivener's error regarding the correct cause number for his conviction for cocaine possession.  The indictment references Cause No. 23,007 rather than the correct cause number of 23,077.  To prevent confusion, our opinion references only the correct cause number—Cause No. 23,077—when referring to Sumrell's prior conviction for cocaine possession.

2

possession, the circuit court judge sentenced Sumrell as a habitual offender to life in prison

in the custody of the Mississippi Department of Corrections (MDOC) without the possibility

of parole. Aggrieved, Sumrell appealed to this Court, and we affirmed his conviction and

sentence. *Sumrell v. State*, 972 So. 2d 648, 652 (¶13) (Miss. Ct. App. 2006). After granting

Sumrell's petition for a writ of certiorari, the supreme court found no reversible error and

affirmed this Court's decision. *Sumrell v. State*, 972 So. 2d 572, 573 (¶1) (Miss. 2008).[3]

¶4.     On October 3, 2013, the supreme court entered an order in response to Sumrell's third

application seeking permission to file a PCR motion in the circuit court.[4] Sumrell argued in

his application that he did not serve one full year in prison on both his prior convictions for

robbery and cocaine possession, as required for sentencing as a habitual offender to life

imprisonment. *See* Miss. Code Ann. § 99-19-83. Sumrell therefore argued that his sentence

---

[3] In affirming Sumrell's conviction upon review of his petition for a writ of certiorari, the supreme court noted in its opinion that the facts in the record established that Sumrell served more than a year in prison for his robbery conviction. *Sumrell*, 972 So. 2d at 576 (¶16).

[4] The procedural history reflects that, in 2008, Sumrell filed his first application with the supreme court for leave to proceed. The supreme court found Sumrell's claims were barred and therefore denied his requested relief. In 2009, the supreme court denied Sumrell's second application for leave to proceed after finding the application was procedurally barred as a successive writ. In 2013, Sumrell filed his third application with the supreme court, again seeking leave to proceed with his PCR motion in circuit court. In its order responding to Sumrell's third application for leave to proceed, the supreme court acknowledged that its prior opinion had considered Sumrell's argument and had found that Sumrell served more than a year in prison for his robbery conviction. *See Sumrell*, 972 So. 2d at 576 (¶16). However, in granting Sumrell's third application for leave to proceed, the supreme court now found the record ambiguous with regard to the issue and ordered an evidentiary hearing for the limited purpose of determining whether Sumrell did, in fact, serve a full year in prison for his robbery conviction.

3

of life imprisonment without parole for his felony-shoplifting conviction was illegal. After reviewing the matter, the supreme court found the evidence in the record was unclear as to whether Sumrell actually served a full year in prison for his robbery conviction. As a result, the supreme court granted Sumrell leave to proceed in circuit court with an evidentiary hearing for the limited purpose of determining whether he actually served a full year in prison for his robbery conviction.

¶5. Following the evidentiary hearing, the circuit court judge entered an order on February 4, 2014, denying Sumrell's PCR motion. The circuit court judge found that Sumrell was indicted for armed robbery in Cause No. 22,242. On September 23, 1991, Sumrell pled guilty to the lesser-included offense of robbery, and the circuit court sentenced him to three years in MDOC's custody. However, the circuit court then suspended Sumrell's sentence and placed him on supervised probation for three years.

¶6. On February 22, 1993, the circuit court entered another order that revoked Sumrell's probation for Cause No. 22,242 and sentenced him to three years in MDOC's custody. The revocation order incorrectly stated that Sumrell's conviction in Cause No. 22,242 was for armed robbery. After Sumrell sent a letter to the circuit court clerk pointing out the error, the circuit court entered an amended order on July 20, 1993, which correctly stated the offense as robbery. Also on July 20, 1993, the circuit court clerk filed a prisoner-commitment notice, which stated at the bottom that the notice was a "corrected commitment." The notice corroborated that, after revoking Sumrell's probation, the circuit court sentenced Sumrell on

4

February 22, 1993, to serve three years for robbery in Cause No. 22,242.

¶7. In his February 4, 2014 order denying Sumrell's PCR motion, the circuit court judge found that, on February 22, 1993, Sumrell was not only sentenced to serve three years for robbery in Cause No. 22,242, but he also pled guilty to cocaine possession in Cause No. 23,077. As a result of the guilty plea, Sumrell received a three-year sentence in MDOC's custody, with the sentence for cocaine possession to run concurrently with the revocation of Sumrell's probation for robbery in Cause No. 22,242. According to the evidence presented during the hearing on Sumrell's PCR motion, Sumrell was confined in the Washington County Jail from February 11, 1993, until the circuit court revoked his probation on February 22, 1993. Sumrell then spent the remainder of his prison time in MDOC's custody until he was released on March 29, 1994. Therefore, as the evidence in the record shows, Sumrell served at least one full year in MDOC's custody for his robbery conviction.

¶8. During the evidentiary hearing on Sumrell's PCR motion, the State called Gloria Gibbs, the supervisor of MDOC's records department, to testify. Gibbs's testimony corroborated that Sumrell served more than a year in prison on his robbery sentence. Specifically, Gibbs testified that, according to MDOC's records and Sumrell's pen packs, Sumrell served a total of one year and forty-six days on both his sentence in Cause No. 22,242 for robbery and his sentence in Cause No. 23,077 for cocaine possession.

¶9. Based on the evidence and testimony presented during the hearing, the circuit court judge found that Sumrell served more than a year in prison for his robbery conviction in

Cause No. 22,242. Although Sumrell's sentence actually began on February 22, 1993, following the revocation of his probation, the circuit court judge found that Sumrell was given credit for the time he served in the Washington County Jail between February 11, 1993, and February 22, 1993. The circuit court judge further found that, at the time Sumrell was released from MDOC's custody on March 29, 1994, he had served a total of one year and forty-six days of his three-year robbery sentence in Cause No. 22,242.

¶10. As a result of his findings, the circuit court judge determined that Sumrell's claim that he failed to spend a full year in prison on his robbery sentence lacked merit. The circuit court judge therefore denied Sumrell's PCR motion. Aggrieved by the circuit court's decision, Sumrell appeals to this Court.

## STANDARD OF REVIEW

¶11. "When reviewing a circuit court's denial or dismissal of a PCR motion, we will reverse the judgment of the circuit court only if its factual findings are 'clearly erroneous'; however, we review the circuit court's legal conclusions under a de novo standard of review." *Boyd v. State*, 65 So. 3d 358, 360 (¶10) (Miss. Ct. App. 2011).

## DISCUSSION

I. **Whether the circuit court erred by finding that Sumrell served more than a year in prison on his prior robbery conviction.**

¶12. Sumrell argues that the circuit court erred by denying his PCR motion and by finding that he served more than a year in prison for his robbery conviction in Cause No. 22,242.

¶13. Despite Sumrell's assertions to the contrary, the record supports the circuit court's

6

finding that Sumrell served more than one year in prison for his robbery conviction. The evidence presented at the hearing shows that Sumrell was confined in the Washington County Jail from February 11, 1993, until February 22, 1993. On February 22, 1993, the circuit court entered an order revoking Sumrell's probation for robbery and sentencing him to three years in MDOC's custody. Following the revocation of his probation, Sumrell was confined until March 29, 1994, when he was released from MDOC's custody after serving one year and forty-six days of his sentence in Cause No. 22,242 for robbery.

¶14.    After reviewing the evidence presented during the hearing on Sumrell's PCR motion, we cannot say that the circuit court's factual findings were clearly erroneous. *See Boyd*, 65 So. 3d at 360 (¶10).[5] The evidence in the record reflects that Sumrell served more than a year in prison for his robbery conviction in Cause No. 22,242. As a result, this assignment of error lacks merit.

> **II.    Whether Sumrell's sentencing as a habitual offender is illegal and constitutes cruel and unusual punishment.**

¶15.    Sumrell also appears to argue that his sentencing as a habitual offender results in an illegal sentence that constitutes cruel and unusual punishment. Mississippi caselaw recognizes that "[t]he right to be free from an illegal sentence is a fundamental right . . . ." *Alexander v. State*, 879 So. 2d 512, 514 (¶9) (Miss. Ct. App. 2004). "A defendant's

---

[5] *See also King v. State*, 527 So. 2d 641, 644-45 (Miss. 1988) (holding that, where a defendant serves one year or more on concurrent sentences for separate convictions, this amounts to serving at least a full year on each sentence and satisfies section 99-19-83).

fundamental right of freedom from an illegal sentence is violated when the sentence imposes an undue burden on the defendant . . . ." *Pruitt v. State*, 846 So. 2d 271, 274 (¶9) (Miss. Ct. App. 2002) (citation omitted). However, this Court has repeatedly held that "we will not disturb the imposition of a sentence if it is within the limits prescribed by statute." *Bell v. State*, 102 So. 3d 297, 303 (¶23) (Miss. Ct. App. 2012) (citation omitted).

¶16. The version of section 99-19-83 applicable at the time of Sumrell's indictment provided the following:

> Every person convicted in this state of a felony who shall have been convicted twice previously of any felony or federal crime upon charges separately brought and arising out of separate incidents at different times and who shall have been sentenced to and served separate terms of one (1) year or more in any state and/or federal penal institution, whether in this state or elsewhere, and where any one (1) of such felonies shall have been a crime of violence shall be sentenced to life imprisonment, and such sentence shall not be reduced or suspended nor shall such person be eligible for parole or probation.

¶17. In the present case, the State used Sumrell's separate prior felony convictions for robbery, a crime of violence, and for cocaine possession to support his sentencing for felony shoplifting as a habitual offender. On appeal to this Court, the parties do not dispute that Sumrell's prior conviction for cocaine possession satisfies section 99-19-83's statutory requirements. Instead, Sumrell's only challenge regarding his status and sentencing as a habitual offender is that he failed to serve at least a year in prison for his robbery conviction. Based on this argument, Sumrell contends that the circuit court erred by sentencing him as a habitual offender, pursuant to section 99-19-83, to life imprisonment without parole.

¶18. As previously discussed, however, the evidence presented during the circuit court's

hearing on Sumrell's PCR motion demonstrates that Sumrell did, in fact, spend one year and forty-six days in prison for his robbery conviction in Cause No. 22,242. As a result, Sumrell's two prior felony convictions for robbery and for cocaine possession meet the statutory requirements for sentencing as a habitual offender under section 99-19-83. We therefore find no merit to Sumrell's argument that his sentence as a habitual offender amounts to an illegal sentence or results in cruel and unusual punishment.

¶19.   **THE JUDGMENT OF THE WASHINGTON COUNTY CIRCUIT COURT DENYING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO WASHINGTON COUNTY.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, MAXWELL AND FAIR, JJ., CONCUR.   JAMES, J., CONCURS IN PART WITHOUT SEPARATE WRITTEN OPINION.**

9