## IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2017-KA-00181-COA

**EDDIE EARL DAVIS A/K/A BROWN DAVIS**                          APPELLANT

**v.**

**STATE OF MISSISSIPPI**                                                      APPELLEE

DATE OF JUDGMENT:              10/20/2016
TRIAL JUDGE:                         HON. VERNON R. COTTEN
COURT FROM WHICH APPEALED:   SCOTT COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:       OFFICE OF STATE PUBLIC DEFENDER
                                      BY: MOLLIE MARIE MCMILLIN
ATTORNEY FOR APPELLEE:        OFFICE OF THE ATTORNEY GENERAL
                                      BY: SCOTT STUART
DISTRICT ATTORNEY:              MARK SHELDON DUNCAN
NATURE OF THE CASE:             CRIMINAL - FELONY
DISPOSITION:                       AFFIRMED: 01/23/2018
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE LEE, C.J., FAIR AND GREENLEE, JJ.**

**FAIR, J., FOR THE COURT:**

¶1.     Eddie Davis was convicted of possession of methamphetamine after he was caught

with it clutched in his hand during a traffic stop.  At trial, Davis unsuccessfully contested the

legality of the traffic stop before essentially admitting to the offense while testifying in his

own defense.  On appeal, Davis is represented by the Office of the State Public Defender,

and his appointed appellate counsel has filed a *Lindsey* brief stating that she cannot find any

arguable issues to support an appeal.  *See Lindsey v. State*, 939 So. 2d 743, 748 (¶18) (Miss.

2006).

¶2.     In *Lindsey*, the Mississippi Supreme Court set out the procedure to be followed when a defendant's attorney does not find any arguable issues to support an appeal. *Id*. Appellate counsel must file a brief showing that counsel has thoroughly reviewed the record and has found nothing to support an appeal. Counsel must then send the defendant a copy of the brief, informing the client that counsel found no arguable issue for an appeal, and counsel must advise the client of his right to file a pro se brief. *Id*. If the defendant raises any arguable issue in his pro se brief, or if the appellate court finds any arguable issues upon its independent review of the record, the appellate court must, if circumstances warrant, require counsel to file supplemental briefing on the issue.

¶3.     Davis's attorney filed a brief indicating that she diligently searched the procedural and factual history of this action and scoured the record, searching for any arguable issues that could be presented in good faith, but she found none. Davis's attorney asserts that she examined: (1) the reason for Davis's arrest and the circumstances surrounding the arrest; (2) any possible violations of Davis's right to counsel; (3) the entire trial transcript and contents of the record; (4) all rulings of the trial court; (5) possible procedural misconduct; (6) all jury instructions; (7) all exhibits, whether admitted into evidence or not; (8) possible misapplication of the law in sentencing; (9) the indictment and all the pleadings in the record; (10) any possible ineffective-assistance-of-counsel issues; and (11) whether the verdict was supported by the overwhelming weight of the evidence. *Lindsey*, 939 So. 2d at 748 (¶18) (citations omitted).

¶4.     Davis's attorney complied with *Lindsey*'s requirements.  She examined the record and found no arguable appellate issues.  The attorney sent a copy of the *Lindsey* brief to Davis, stating that, while she found no arguable issues, Davis had the right to file a pro se supplemental brief.  Davis did not submit a supplemental brief – instead, he filed a letter addressed to his attorney, stating that he did not know how to write a brief.  The letter contains what might be called a draft of a brief, but it is little more than an unsworn narrative explaining Davis's side of the story.  The account is substantially consistent with his testimony at trial, though it is more detailed.  Essentially, Davis contends that the officer who pulled him over had a grudge against him and lied about the circumstances of the stop.

¶5.     This letter contains no structured legal argument and no citations to authority.  Mississippi Rule of Appellate Procedure 28(a)(7) requires that assignments of error must be supported by "the reasons for those contentions, with citations to the authorities, statutes, and parts of the record relied on."  Arguments that do not comply with this rule are procedurally barred.  *Cowart v. State*, 178 So. 3d 651, 666 (¶39) (Miss. 2015).  And "[w]hile pro se litigants are afforded some leniency, they must be held to substantially the same standards of litigation conduct as members of the bar."  *Sumrell v. State*, 972 So. 2d 572, 574 (¶6) (Miss. 2008) (citation omitted).  Davis's brief fails to adequately raise any issues for consideration on appeal.

¶6.     Moreover, the record reflects that a suppression hearing was held, during trial but out of the presence of the jury, in which the officer testified as to the circumstances of the stop.

3

The officer did not deny knowing Davis, though he testified that he only recognized Davis after the stop had been initiated. He was also unequivocal in his testimony that he had probable cause for the stop – Davis's license plate lacked working illumination as required by Mississippi Code Annotated section 63-7-13(3) (Rev. 2013). After Davis was pulled over, he was found to be driving with a suspended license and without proof of insurance. When the officer asked Davis to step out of the vehicle, he observed that Davis was attempting to conceal a plastic bag in his hand. The officer took the bag and observed a crystalline substance inside. The substance was subsequently tested by a laboratory and found to be crystal methamphetamine.

¶7. Davis testified in his own defense, but he did not testify at the suppression hearing. So, at the time of its decision, the circuit court had before it only the officer's account. The officer's account was internally consistent and not facially improbable or unbelievable. It described a legal traffic stop, a legal search, and a legal seizure of the drugs. We cannot find any arguable issue in the circuit court's denial of the suppression motion.

¶8. We have independently reviewed the remainder of the record, and we can find no arguable issues that require supplemental briefing. As a result, we find that Davis's conviction and sentence of six years, as a habitual offender, should be affirmed.

¶9. **AFFIRMED.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, CARLTON, WILSON, GREENLEE, WESTBROOKS AND TINDELL, JJ., CONCUR.**

4