# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2022-KA-00852-COA

**DORAN MAURICE SMITH A/K/A DORAN SMITH**                      APPELLANT

**v.**

**STATE OF MISSISSIPPI**                                                      APPELLEE

DATE OF JUDGMENT:                08/09/2022
TRIAL JUDGE:                            HON. M. BRADLEY MILLS
COURT FROM WHICH APPEALED:      MADISON COUNTY CIRCUIT COURT
ATTORNEYS FOR APPELLANT:        OFFICE OF STATE PUBLIC DEFENDER
                                        BY: MOLLIE MARIE McMILLIN
                                        DORAN MAURICE SMITH (PRO SE)
ATTORNEY FOR APPELLEE:          OFFICE OF THE ATTORNEY GENERAL
                                        BY: DANIELLE LOVE BURKS
DISTRICT ATTORNEY:              JOHN K. BRAMLETT JR.
NATURE OF THE CASE:             CRIMINAL - FELONY
DISPOSITION:                    AFFIRMED - 02/20/2024
MOTION FOR REHEARING FILED:

**BEFORE CARLTON, P.J., WESTBROOKS AND EMFINGER, JJ.**

**EMFINGER, J., FOR THE COURT:**

¶1.     Doran Maurice Smith was tried and convicted in the Madison County Circuit Court of felony driving under the influence (fourth or subsequent offense) as charged in Count I of the indictment against him and of possession of a weapon by a felon as charged in Count II. He was sentenced to serve two ten-year terms in the custody of the Mississippi Department of Corrections (MDOC) for both convictions, with the sentences ordered to run consecutively. Aggrieved, he appealed his convictions and sentences.

## FACTS AND PROCEDURAL HISTORY

¶2. Smith had been arrested on those charges on April 18, 2021. He was released on bond on April 20, 2021. The indictment returned against Smith was filed with the circuit clerk on August 17, 2021, and a capias for Smith's arrest on the indictment was issued on that same date. Smith was served with the capias and a copy of the indictment on September 8, 2021. On the day he was served, Smith filed a sworn affidavit of indigency asking that counsel be appointed to represent him in the matter. With the assistance of appointed counsel, Smith then waived arraignment and signed a setting order, all on September 8, 2021. On September 9, 2021, Smith's appointed counsel filed a motion seeking discovery from the District Attorney's Office. Also on September 9, Smith's counsel sent a letter to Smith scheduling an appointment for December 15, 2021.

¶3. Despite the fact that he was represented by an attorney, on September 15, 2021, Smith filed several pro se pleadings. One was titled "Notice of the Reservation of my Rights" in which he purported to reserve his rights, pursuant to sections of the Uniform Commercial Code, to rescind the documents he signed on September 8, 2021. He also filed a sworn "Affidavit of Abatement" in which he contended, among other things, that the State misused or "bastardized" his birth name for commercial purposes. He also filed a sworn "Affidavit and Caveat Attesting to the Natural Identity in Fact of Name: Doran Maurice Smith." It is difficult to discern the relief he sought by this filing. It includes statements such as, "The presence of the body cures the error in the name; the truth of the name cures an error in the description." On September 20, 2021, Smith filed another pro se "Notice of the Reservation of my Rights." On November 11, 2021, Smith filed a sworn "Affidavit" in which he stated

2

that he was pressured into signing the waiver of arraignment.

¶4.	On January 11, 2022, Smith came before the circuit court for the first time with his court-appointed counsel Ben Conner. The circuit judge asked Smith if he was Mr. Doran Smith, and the following conversation ensued:

> THE COURT:  All right. We're here on cause Number 21-0302, State of Mississippi versus Doran Smith. Are you Mr. Smith?
>
> A. Yes. I'm living and breathing now. Yes, sir.
>
> THE COURT:  I'm sorry?
>
> A. I'm a living soul here, sir.
>
> THE COURT: All right. You are Mr. Smith? Yes or no?
>
> A. (No response.)
>
> THE COURT: You are Doran Smith, right?
>
> A. I'm make a distinction between the trusting me on the record. Are we on the record?
>
> THE COURT: We are on the record. The question was, are you Mr. Doran Smith?
>
> A. I said a living -- a living soul, yes, sir.
>
> THE COURT: All right. I'm going to take that as a yes. All right. Let the record reflect Mr. Smith is here with attorney Ben Conner. Mr. Conner, what are we doing on this?
>
> MR. CONNER: I have no idea, your Honor.

¶5.	At that point, at Smith's request, Conner called the court's attention to the pro se pleadings that Smith had filed. After a review, the circuit judge called what Smith had filed "some wild stuff." As set out in the scheduling order, the circuit judge inquired as to Smith's

3

intentions regarding whether he would plead guilty or continue to trial.[1] In response to the judge's questions, Smith gave evasive or non-responsive answers and expressed his displeasure with Conner. Based on Smith's behavior, the circuit judge commented that "we've got two things happening here: Either you are under the influence of something, or (b) you've got mental issues, or (c) it's a combination of both." The circuit judge then asked Smith whether he was under the influence of anything and whether he would submit to a drug test, which was a condition of his bond. When Smith refused, the circuit judge revoked his bond, and he was taken into custody.[2] The circuit judge ordered that Smith undergo a mental evaluation, and the written order was filed on January 24, 2022.[3]

¶6.     On February 7, 2022, after the order for mental evaluation and before the next hearing, Smith filed a "Notice to Court" that he wished to terminate Conner, as counsel and take over his own case. On February 22, 2022, Smith filed a "Motion to Dismiss for Failure of Due Process, Threat Duress and Coercion, Erroneous Judgment." In that document, Smith contests the circuit court's question of his competency. He states, "I did nothing that gives the impression of incompetency by stating that the conditions of my bond does not state that

---

[1] Pursuant to the scheduling order, Smith was required to file a guilty plea petition or complete a pre-trial conference checklist by 5 p.m. on January 6, 2022. The clerk's papers show that he did not do so. When Smith appeared on January 11, 2022, that was the day for him to either enter a guilty plea or, if he had chosen to go to trial, go over the checklist with the court.

[2] Before Smith was taken into custody, he asked the circuit judge why he believed he was incompetent to go forward, to which the circuit judge replied that he found Smith incoherent and unable to communicate with his attorney.

[3] This order was amended on March 28, 2022.

4

I have to submit to a drug test, I did nothing that gives the impression of incompetency by stating that I'm not incompetent." On April 20, 2022, Smith filed a "Declaration; Status; Notice and Demand," again expressing his displeasure with Conner and asserting that he had exhibited competency by "showing up to every affair."

¶7. Smith next came before the circuit court on June 20, 2022, still represented by Conner. The mental evaluation had not taken place. The trial judge referenced the various filings by Smith and found on the record that "Mr. Smith has written many letters and has filed many things and the mental eval[uation] has not yet been done. And based on what I've seen, I don't believe that there's a reasonable basis to have the mental exam done any longer." As a result, the trial judge withdrew his sua sponte order for a mental evaluation.

¶8. At the June 20, 2022 hearing, the circuit court also acknowledged Smith's desire to terminate Conner as his attorney. The circuit court allowed Conner to withdraw, and although Smith expressed a desire to represent himself, the circuit court appointed Wesley Evans, another public defender, as "armchair counsel."[4] Smith was tried on August 5, 2022, and convicted of both counts of the indictment. The "Judgment of Conviction and Sentence Instanter" was entered on August 9, 2022. Smith did not file any post-trial motions and filed his notice of appeal on August 19, 2022.

## ANALYSIS

¶9. Smith was appointed new counsel to represent him on appeal. Appellate counsel filed

---

[4] At the pre-trial conference on July 25, 2022, the circuit court reiterated his earlier ruling, announcing from the bench that "[w]e previously had an issue of competency and after further consideration the Court withdrew the mental eval[uation] and determined that there was no competency issue that warranted that." He also informed Smith of the trial date.

5

a brief on behalf of Smith in which he contends that the trial court erred by finding Smith competent to stand trial without having a hearing as to his competency. Subsequently, Smith filed a pro se supplemental brief in which he raises four additional issues. We address these issues below.

> ### I. Did the trial court err by finding Smith was competent to stand trial without having a hearing on competency?

¶10. We start our analysis with the fact that there is a presumption of mental competency. MRCrP 12.1(a). The procedure to overcome this presumption was described in *Sandoval v. State*, 315 So. 3d 469, 474 (¶17) (Miss. 2021):

> If a trial court "has reasonable grounds to believe that the defendant is mentally incompetent, the court shall order the defendant to submit to a mental examination." MRCrP 12.2(a). Once the examination is conducted, the trial court is to "promptly hold a hearing to determine the defendant's competency." MRCrP 12.5(a). **"The burden of proof rests on the defendant to prove that he is mentally incompetent to stand trial."** *Moore v. State*, 287 So. 3d 189, 196 [(¶21)] (Miss. 2020) (internal quotation marks omitted) (quoting *Evans v. State*, 226 So. 3d 1, 14 [(¶22)] [(Miss. 2017)]).

(Emphasis added).

¶11. As discussed above, the circuit court, on its own motion, initially ordered a mental evaluation of Smith on January 11, 2022. At that time, and in subsequent pro se filings, Smith challenged the court's decision that he needed to be evaluated to determine his competency. When Smith appeared before the circuit court again on June 20, 2022, the circuit court took note of his filings since January and his interactions with the court. When questioned by the court, Smith denied that he considered himself to be a "sovereign citizen" by stating:

> I don't consider myself to be a sovereign citizen. I do not wish to be called anything outside of what you see here on this paper as a living and breathing

6

man. You know what I'm saying?

Not only did Smith maintain that he was competent, but he insisted upon firing his court-appointed attorney and representing himself.[5] Some five months after his first appearance, the circuit judge, having observed Smith, and having reviewed his many filings, made the following findings:

> Just for the record, this case was previously set on a prior trial docket. The Defendant was out on bond at that time or the last time we were in court Mr. Smith appeared to me to be incoherent. I requested that he take a drug test, which he declined, and so he was taken into custody. And based on what I saw, I had ordered that a mental eval[uation] be performed pursuant to Rule 12 of the Criminal Rules of Procedure which allowed the Court to do that [sua] sponte.

> Since that time, Mr. Smith has written many letters and has filed many things and the mental eval[uation] has not yet been done. And based on what I've seen, I don't believe that there's a reasonable basis to have the mental exam done any longer. And so since it was ordered by the Court, I am going to withdraw that order for the mental eval[uation] and you'll be set on the current trial docket which it is set for.

Based upon additional information, the circuit judge withdrew his prior decision and found that he no longer had "reasonable grounds to believe that the defendant is mentally incompetent." The written order withdrawing the prior order for a mental evaluation was entered on June 24, 2022.

¶12. We have found no case where a circuit judge, sua sponte, ordered a mental evaluation and later withdrew the order before the defendant had been evaluated. At one time Mississippi caselaw required a hearing once an order for an evaluation had been entered;

---

[5] As noted above, the court allowed Conner to withdraw and appointed Evans to represent Smith in any capacity Smith requested. Evans sat beside Smith during the trial as "armchair counsel."

however, the supreme court rejected that requirement in *Pitchford v. State*, 240 So. 3d 1061,

1068-69 (¶¶37-42) (Miss. 2017):

> Since this Court's decision in *Sanders v. State*, 9 So. 3d 1132, 1142 (Miss. 2009), [Uniform Rule of Circuit and County Court Practice] 9.06 has been construed to mean that, in any instance in which the trial court orders a competency evaluation of the defendant, this establishes conclusively (for appellate-review purposes) that the trial court had reasonable ground(s) to believe the defendant might be incompetent to stand trial, thus triggering Rule 9.06's competency-hearing mandate. *See Smith v. State*, 149 So. 3d 1027 (Miss. 2014) (construing *Sanders's* and *Coleman's* interpretation and application of Rule 9.06 to mean that a trial court's grant of an order for a mental competency evaluation is "conclusive of its having found reasonable ground to believe [the defendant] was entitled to a mental examination and a competency hearing"); *see also Hollie v. State*, 174 So. 3d 824, 830-32 (Miss. 2015) (in which a majority of this Court held, based on *Sanders*, *Coleman*, and *Smith*, that a mental evaluation ordered by the trial court constitutes "a per se showing that the trial court had reasonable grounds to believe the defendant was incompetent to stand trial").
>
> We find this to be a hypertechnical interpretation and application of Rule 9.06 that improperly expands the scope and purpose of the rule and conflicts with Mississippi precedent. Therefore, we reject it.
>
> . . . .
>
> In line with the requirement(s) recognized in *Jaquith* and in other similar opinions, **we hold that a trial court's competency evaluation order does not in and of itself conclusively (or necessarily) establish, for purposes of Rule 9.06's mandates, or appellate-review purposes, that the trial court had reasonable grounds to believe the defendant was incompetent to stand trial. Such a determination must be made based on the facts and circumstances attending each particular case.**

(Emphasis added).

¶13.    Therefore, based upon *Pitchford*, a competency hearing was not mandatory simply

8

because the trial judge issued the original order.[6] *Accord* MRCrP 12.5(a) & cmt. That order did not "conclusively establish" that reasonable grounds existed to believe Smith was incompetent to stand trial. Upon obtaining additional information, the circuit judge found that a reasonable basis no longer existed and withdrew the order. While new appellate counsel raises the issue of competency on appeal, it should be noted that neither Smith nor his trial counsel raised the issue before the trial court.

¶14. In *Robinson v. State*, 301 So. 3d 577, 580 (¶16) (Miss. 2020), our supreme court stated:

> "On review, the pertinent question is whether 'the trial judge received information which, objectively considered, should reasonably have raised a doubt about the defendant's competence and alerted [the judge] to the possibility that the defendant could neither understand the proceedings, appreciate their significance, nor rationally aid his attorney in his defense.'" *Moore* [*v. State*], 287 So. 3d [189,] 196 [(¶16)] [(Miss. 2020)] (internal quotation marks omitted) (quoting *Harden v. State*, 59 So. 3d 594, 601 (Miss. 2011)). "'What constitutes "reasonable ground" . . . rests largely within the discretion of the trial judge.'" *Id*. (internal quotation marks omitted) (quoting *Harden*, 59 So. 3d at 601).

The supreme court further explained in *Robinson* that when the trial judge had the benefit of speaking directly with Robinson and observing her demeanor, the trial judge's conclusions regarding competency "should not be lightly disturbed." *Id*. at 582 (¶27).

¶15. In the case at bar, when the circuit judge was initially confronted with Smith's behavior in court, he questioned Smith's mental status and ordered an evaluation. However, with the passage of time, the trial judge had the opportunity to consider more of Smith's pro

---

[6] Rule 9.06 has been supplanted by the Mississippi Rules of Criminal Procedure. *See Malone v. State*, 375 So. 3d 713, 720 (¶18) (Miss. Ct. App. 2023).

se filings and Smith's demeanor in court. At that point, the judge found on the record that he no longer had a reasonable basis to believe a mental evaluation was necessary. We find that the trial court did not abuse its discretion by withdrawing its order for a mental evaluation.

## II.    Do Smith's claims of improper conduct by the trial judge require reversal?

¶16.    Smith filed a pro se supplemental Appellant's brief raising four issues: (1) the trial judge was biased throughout the proceedings; (2) the trial judge abused his discretion; (3) the trial judge deprived Smith of due process; and (4) the trial judge operated under "an unknown, so called, statutory jurisdiction."[7] These arguments are procedurally barred pursuant to Mississippi Rule of Appellate Procedure 28(a)(7), which requires that the appellant's brief must list the appellant's contentions, "the reasons for those contentions, with citations to the authorities, statutes, and parts of the record relied on." *See Davis v. State*, 242 So. 3d 942, 944 (¶5) (Miss. Ct. App. 2018). Smith's supplemental brief does none of these things in any meaningful way.

¶17.    In any event, Smith's claims are without merit. Smith contends that he was "deprived of the right to know the nature of the accusation, [because] the course of the proceedings was in secrecy all the way up to the trial on August 5, 2022, in which no prior notice of the trial date was given." He alleges that he was coerced into waiving arraignment on September 8, 2021. However, the record shows that Smith was served with a copy of the indictment on that

---

[7] Mississippi Rule of Appellate Procedure 28(b) allows an appellant in a criminal appeal to file a supplemental brief on his own behalf, but the rule requires that the issues must be based upon the record. Rule 28(b) further requires that the pro se brief conform to the requirements of subsection (a) of that rule.

date, requested a court-appointed attorney, and signed the first scheduling order containing the trial date. The clerk's records reflect the changes in the trial date and the transcripts show that he was given notice of the trial date. Out of an abundance of caution, Smith was formally arraigned prior to trial.

¶18. In his supplemental brief, Smith also raises the issue of the court's reversal of its order requiring a mental evaluation. That issue has been addressed above. He also argues that his bond was unlawfully revoked. However, there is no evidence that he filed a petition for a writ of habeas corpus to challenge the legality of his confinement prior to conviction. *Bateman v. State*, 267 So. 3d 793, 796-97 (¶10) (Miss. Ct. App. 2018). Further, Smith offers no authority to show that the failure to conduct a bond revocation hearing requires the reversal of his subsequent conviction. These issues are without merit.

¶19. Smith makes vague accusations concerning an "unknown jurisdiction" and the trial court's alleged failure to advise him as to "what step in the proceedings we were in." He also contends, "I could not proceed because there is no published rules for criminal procedure in a statutory jurisdiction." Smith makes no meaningful argument regarding these contentions; therefore, as noted above, these issues are procedurally barred.

## CONCLUSION

¶20. We find the circuit court did not abuse its discretion in withdrawing its order for a mental evaluation. We further find that the issues raised in Smith's supplemental brief are either without merit or procedurally barred, as discussed above.

¶21. **AFFIRMED.**

11

**BARNES, C.J., CARLTON AND WILSON, P.JJ., GREENLEE, McDONALD, LAWRENCE, McCARTY AND SMITH, JJ., CONCUR. WESTBROOKS, J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION.**